UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
    Plaintiff,

vs.                                              Civil Action No.07-2347(RMC)

U.S. DEPARTMENT OF JUSTICE,
EOUSA
    Defendants,
_____/

PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT ANSWER AND DEFENSE

    The Plaintiff's, response and objection to the Defendant Answer and Defense to the Plaintiff Complaint.

    1.) Plaintiff's, objects to the first defense of the Answer to Complaint. The failure to respond to the request and release the requested Freedom of Information material in a timely manner. Is a claim for relief in which the Court has jurisdiction and power to grant.

    2.) Plaintiff's, objects to the Second defense, whereas Defendant are a proper party to this action. Furthermore, a Complaint was file to their failure to answer the request for the Freedom of Information. That the requested records, reports and information is in the custody of the EOUSA.

    3.) Plaintiff's, objects to the Third Defense, as to (i) defendan has failed to show why the Court does not have jurisdiction to hear the Complaint. In (ii-iii) here Defendants are acting in bad faith in implying that the request isn't signed as it was signed when their office, as the Court only receive unsigned copy of the letter is no sufficient error.

RECEIVED
FEB 2 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

4.) Plaintiff's, object to denying of the complete and accurate statement of the contents from the letters file in the months of January 14, 2007, March 29, 2007, and May 30, 2007. That such contents of these are true and correct. Whereas, Defendant has failed to demonstrate such letter are not accurate and valid.

5.) Plaintiff's, objects to denying of the complete and accurate statement of the letter from EOUSA dated August 21, 2007..

6.) Plaintiff's objects to the (i) sentence denying that more than twenty (20) working days had pass after EOUSA, failed to reponse the May 30, 2007, letter requesting the records, reports and information. That (ii) objecting to the failure of OIP made any response after receiving the letter. Objecting to the (iii) sentence denying that the EOUSA had not made its final determination, because has failed to making any response. Therefore, Defendants violated the the statute of 5 USC§ 552, in which was require to answer within the twenty days.

Whereas, Plaintiff states that there is a genuine issue is in dispute. That Defendants failure to release the requested records, reports, and information is an violation of the Freedom of Information This entitles Plaintiff to relief and whereas this Court does have such jurisdiction to grant said relief. Therefore, this Honorable Court to enter the order require the Defendant to release the requeste records, reports, and information to the Plaintiff.

Respectfully Submitted

*[signature]*

## CERTIFICATE OF SERVICE

I, DEMETRIUS MCLAUGHLIN, hereby certify that the foregoing Response and Objection was place in the prisoner mail box to be deliver by U.S. mail, postage prepaid, address to the following;

KATHLEEN A. MCNABB
ATTORNEY-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., NW, ste. 11050
Washington, DC, 20530-0001

on this 19th day of February 2008.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
FCC COLEMAN-USP
P.O.BOX 1033
COleman, Fl, 33521

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
    Plaintiff,

vs.                                        Civil Action No.07-2347(RMC)

U.S. Department of Justice,
EOUSA,
    Defendants,
_____/

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION IN RESPONSE AND OBJECTION TO DEFENDANT ANSWER AND DEFENSE TO COMPLAINT**

    I, DEMETRIUS MCLAUGHLIN, being first duly sworn, depose and makes under oath that the following affidavit and Motion, pursuant to Title 28 USC§ 1746, that every statement in support of the Motion is a fact an correct and true to the best of my knowledge and belief.

    1.) My name is DEMETRIUS MCLAUGHLIN, I am of legal age and is competent to make this affidavit that is true and correct.

    2.) It is my sworn statement and a fact that I submitted a request to the department of the Executive Office of United States Attorney, (EOUSA), in the month of May 30, 2007. The letter was inform of and appeal from the failure of their office to release to me. The records reports, and information that I had requested from the agency and the office. The original was submitted to the office or agency in the Middle District of Florida, Tampa Division for the Elevnth Circuit EOUSA and the Office in Washington DC, at 1425 New York Ave., 20530. The requests was submitted to both office in the month of September 06, 2006. The request, requested any and all records, reports and information in connection with the prosecution, investigation and

of the traffic stop that occurred on the 16th day of July 2002, of me. The Middle District of Tampa referred the request to 600 E. Str. N.W. Washington DC Office. In the month of December 11, 2006, the office responded in its response that it had completed it's search. That as a result of it's search it would cost $70.00 dollars for the documents. That in addition, the district forward 640 pages of records that were potentially responsive to the request. That did not include the one-thousand (1,000) page that was held back in the district. In the month of April 10, 2007, Plaintiff pay the seventy dollars to the office. The office only release some 164 page of documents to Plaintiff. But inform Plaintiff that he would have to submitted another additional request, for the one-thousand page of the public records. On the 14th day of January 2007, Plaintiff sent the appeal to 1425 New York Ave. That he was appealing, the failure in not producing the requested records, documents and failing to respond in lawful time. In the month of March 29, 2007, Plaintiff submitted another appeal to the same office, objecting to the office of 600 E. Str. N.W. Rm 7300, to the receiving of the partial release and having to submit another request for the one-thousand (1,000) pages, and the receiving of only 169 pages out of 1,640 pages. In the month of May 30, 2007, Plaintiff submitted another request to the office of 600 E. Str. N.W. Rm. 7300, requesting a copy of any and all documents, records, reports and information inconnection with the investigation that lead to the indictment and parts or contai in the Public Records. Also Plaintiff file appeal to the Office of 1425 New York Ave., appealing the fact it failed to release the 1,000 pages. In the month of July 24, 2007, the office of 600 E. Str. N.W.

release a letter that the office had receive the request, and that if the office needed additional information they would contact me in two weeks. The letter also stated that the first 100 pages would be release to Plaintiff, and stating if I wish to revise the request file out the form. In the month September 05, 2007, Plaintiff fill out the form informing the both office, stating that I had not receive the first 100 hundred pages of the 1,000 pages. That I would pay what ever fee that was required and that I was still waiting to receiv the first 100 pages. The EOUSA agency never release any records, documents, or information, prior to the Plaintiff filing the complaint.

Therefor, the failure of the EOUSA, to release and respond to the request submitted on the 30th day of May 2007. Did not meet the requirement of the statute 5 USC§ 552. The failure does gives the Court the jurisdiction to hearing the case. That the genuine issue here in dispute is the failure of EOUSA release the documents, records reports and information. Whereas, this is a claim upon which the Court can grant relief and Plaintiff is entitle to such relief of having the Court order the agency to release the requested material and information. Whereas, the Defendants had failed to even to respond within the twenty (20) day requirement. The office did not reply until July 24, 2007, in which Plaintiff did not receive the reply until August 2007. Whereas, it is a fact that the request was file with the agency make them a proper party of the complaint. Therefore the accurate of the statements and are correct and true. The contents of May 30, 2007, Latter is accurate and correct, as well as the letters from January 14, 2007, March 29, 2007, and August 21, 2007.

Therefore, Plaintiff assert that all statement herein is true

-3-

and correct in regard to the facts. That the facts entitle Plaintiff to request relief of requiring the EOUSA to release the requested in formation to him. It is further assert by Plaintiff, that the Defendants is without any legal standing and is just a ruse not to have to release the requested documents, records, reports and information. As they may and will be use to overturn the conviction.

It is my sworn statement is a fact stated herein are true and correct. That I have read all of the following herein approve of such statements and facts present herein.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018

CERTIFICATE OF SERVICE

I, DEMETRIUS MCLAUGHLIN, hereby certify that a true and correct copy of the foregoing Affidavit to support the Motion in response and object to Defendant answer and defense to the complaint, has been place in the prison mail box to be deliver by U.S. Mail, postage prepaid, and address to the following;

KATHLEEN A. MCNABB
ATTORNEY-Advisor
Office of Information and Privacy
United States Department of Justice
1425 New York Ave., N.W. ste. 11050
Washington, DC, 20530-0001

on this 21th day of February 2008.

Respectfully Submitted

DEMETRIUS Mclaughlin

-4-

OATH

BEFORE ME, the undersigned authority, this day personally appeared DEMETRIUS MCLAUGHLIN, who first being sworn, that say he has read the foregoing affidavit and alleged that each and all statement are true and correct.

Respectfully Submitted

*/s/ Demetrius McLaughlin*
DEMETRIUS MCLAUGHLIN
REG#41297-018

SWORN AND SUBSCRIBED TO before me this 21st day of February 2008.

STATE OF FLORIDA
COUNTY OF SUMMTER

*/s/*
NOTARY PUBLIC OR OTHER
person authorized to administer an oath.

THE FOREGOING INSTRUMENT WAS ACKNOWLEDGE BEFORE ME THIS 21st day of February 2008, by _____ WHO IS PERSONALLY KNOWN TO ME OR WHO HAS PROCDUCED Bureau of Prisons ID.
name of person

_____
acknownledge

*/s/*
NOTARY PUBLIC

*/s/*
COMMISSION EXPRESS:

FCC Coleman, Florida  Sumter County
Subscribed and sworn before me this
21 day of February, 2008
*/s/*
Case Manager
Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

-5-