UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,       )
                        )
     Plaintiff,         )
                        )
     v.                 )     Civil Action No. 07-2347 (RMC)
                        )
U.S. DEPARTMENT OF JUSTICE,  )
                        )
     and               )
                        )
EXECUTIVE OFFICE FOR      )
  UNITED STATES ATTORNEYS,  )
                        )
     Defendants.        )
                        )

DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants, by their undersigned attorneys, hereby move the Court, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, for an order granting dismissal or summary judgment on the grounds that no genuine issue of material fact exists and that defendants are entitled to judgment as a matter of law.[1] In support of this motion, the Court is

---

[1] Plaintiff should take notice that the Court will accept as true any factual assertions contained in the declaration submitted in support of this motion unless he submits his own affidavit or other documentary evidence contradicting those assertions. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); Local Civil Rule 7(h). Rule 56(e)(1) of the Federal Rules of Civil Procedure provides:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

(continued...)

-2-

respectfully referred to the Declaration of David Luczynski,

Attorney-Advisor, Executive Office for United States Attorneys,

United States Department of Justice; to the Declaration of

Christina J. Griffiths, FOIA Coordinator, United States Attorneys

Office, Middle District of Florida, United States Department of

Justice; to Defendants' Statement of Material Facts as to Which

There is No Genuine Issue; and to the Memorandum of Points and

Authorities in Support of Defendants' Motion to Dismiss or, in

the Alternative, for Summary Judgment, all filed herewith.

                              Respectfully submitted,

                              _____
                              JEFFREY A. TAYLOR
                              (DC Bar #498610)
                              United States Attorney

                              _____
                              RUDOLPH CONTRERAS
                              (DC Bar #434122)
                              Assistant United States Attorney

                              _____/s/_____
Dated:  May 30, 2008          KATHLEEN A. MCNABB
                              Attorney-Advisor
                              Office of Information and Privacy
                              United States Department of Justice
                              1425 New York Ave., NW, Suite 11050
                              Washington, DC  20530-0001
                              (202) 616-5473

                              Attorneys for Defendants

_____

   [1](...continued)
Fed. R. Civ. P. 56(e)(1).  Rule 56(e)(2) of the Federal Rules of
Civil Procedure further provides:

    When a motion for summary judgement is properly made and
    supported, an opposing party may not rely merely on
    allegations or denials in its own pleading; rather, its
    response must -- by affidavits or as otherwise provided in
    this rule -- set out specific facts showing a genuine issue
    for trial.  If the opposing party does not so respond,
    summary judgement should, if appropriate, be entered against
    that party.

Fed. R. Civ. P. 56(e)(2).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,            )
                                )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No. 07-2347 (RMC)
                                )
U.S. DEPARTMENT OF JUSTICE,     )
                                )
        and                     )
                                )
EXECUTIVE OFFICE FOR            )
  UNITED STATES ATTORNEYS,      )
                                )
        Defendants.             )
_____)

DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE, PURSUANT TO LOCAL CIVIL RULE 7(h)

        Pursuant to Local Civil Rule 7(h), defendants submit the
following statement of material facts as to which there is no
genuine issue:

        1.  By letter dated May 30, 2007, plaintiff submitted a
request to the Executive Office for United States Attorneys
(EOUSA), a component of the United States Department of Justice,
pursuant to the Freedom of Information Act, 5 U.S.C. § 552
(2006), amended by OPEN Government Act of 2007, Pub. L. No. 110-
175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a
(2006).  (See Declaration of David Luczynski, Attorney-Advisor,
Freedom of Information and Privacy Act Unit, EOUSA, United States
Department of Justice [hereinafter Luczynski Decl.], filed
herewith, ¶ 5 & Ex. D.)  Plaintiff sought access to any public

source records and police reports pertaining to himself.[1]  (See id.)

2.  By letter dated August 21, 2007, EOUSA acknowledged plaintiff's request dated May 30, 2007, and assigned it request number 07-2263.[2]  (See id. ¶ 6 & Ex. E.)  The letter notified plaintiff that the estimated fees for the request amounted to more than $25.00, and that his agreement to pay the anticipated fees was required before further action would be taken regarding his request, in accordance with 28 C.F.R. § 16.11(e) (2007). (See Luczynski Decl. ¶ 6 & Ex. E.)  EOUSA attached a blank form to its letter to be signed and returned by plaintiff setting forth his agreement to pay fees.  (See id.)

3.  Plaintiff filled-out and signed that form on September 5, 2007, which EOUSA received in September of 2007.[3]  (See id. ¶ 7 & Ex. F.)

---

[1] Plaintiff previously submitted a FOIA request to EOUSA for all records pertaining to himself in September 2006.  (See Luczynski Decl. ¶ 4 & Ex. A.)  EOUSA treated the request as one for non-public source records and assigned it Request Number 06-3274.  (See id. ¶ 4 & Ex. B.)  By letter dated April 25, 2007, EOUSA informed plaintiff that "[t]here are public records which may be obtained from the clerk of court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees."  (See id. ¶ 4 & Ex. C.) Subsequently, by letter dated May 30, 2007, plaintiff submitted a new request to EOUSA for his public source records, which is the basis for the instant lawsuit.  (See id. ¶¶ 4,5 & Ex. D.)

[2] EOUSA's August 21, 2007, letter mistakenly informed plaintiff that he already received 100 free pages regarding Request Number 07-2263.  (See Luczynski Decl. ¶ 6 & Ex. E.)

[3] EOUSA received two agreements to pay fees from plaintiff signed on September 5, 2007, which are substantially the same. (See Luczynski Decl. ¶ 7 & Exs. F, G.)

4.   Plaintiff commenced this action on December 26, 2007, asserting that defendants failed to respond to his request for records under the FOIA and the Privacy Act.  (See Compl.)

5.   After commencement of this litigation, EOUSA completed its search of the files of the United States Attorney's Office for the Middle District of Florida, locating approximately 3,178 pages of responsive records.  (See Luczynski Decl. ¶ 8; see also Declaration of Christina J. Griffiths, FOIA Coordinator, United States Attorney's Office, Middle District of Florida, United States Department of Justice, filed herewith, ¶¶ 7-9.)

6.   By letter dated April 16, 2008, EOUSA informed plaintiff of the approximately 3,178 pages of responsive records.  (See Luczynski Decl. ¶ 9 & Ex. H.)  Enclosed with the letter were 100 unredacted pages free of charge taken from the 3,178 pages of responsive records.  (See id.)  EOUSA's letter also assessed the duplication fee for the remaining 3,078 responsive pages at $307.08 (i.e., 10 cents per page), and advised plaintiff that he had the option to pay for all of the pages or pay a reduced fee for a reduced number of pages.  (See id.)  Additionally, the letter informed plaintiff that he needed to provide payment within thirty days in order to obtain any of the remaining records.  (See id.)

7.   As of May 29, 2008, plaintiff has neither paid the required fees nor requested a waiver of fees. (See id. ¶ 10.) Similarly, plaintiff has not sought any reduction of fees by

reformulating his request or designating a maximum dollar amount

that he is willing to pay for duplication fees.  (See id.)


                              Respectfully submitted,


                              _____
                              JEFFREY A. TAYLOR
                              (DC Bar #498610)
                              United States Attorney


                              _____
                              RUDOLPH CONTRERAS
                              (DC Bar #434122)
                              Assistant United States Attorney


                                      /s/
                              _____
Dated:  May 30, 2008          KATHLEEN A. MCNABB
                              Attorney-Advisor
                              Office of Information and Privacy
                              United States Department of Justice
                              1425 New York Ave., NW, Suite 11050
                              Washington, DC  20530-0001
                              (202) 616-5473

                              Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,              )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )    Civil Action No. 07-2347 (RMC)
                                   )
U.S. DEPARTMENT OF JUSTICE,        )
                                   )
        and                        )
                                   )
EXECUTIVE OFFICE FOR               )
  UNITED STATES ATTORNEYS,         )
                                   )
        Defendants.                )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Preliminary Statement

This is an action under the Freedom of Information Act,
5 U.S.C. § 552 (2006), amended by OPEN Government Act of 2007,
Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974,
5 U.S.C. § 552a (2006), in which plaintiff seeks access to any
public source records and police reports pertaining to himself
that might be maintained by the Executive Office for United
States Attorneys (EOUSA), a component of the United States
Department of Justice.[1]

_____

[1] Plaintiff names EOUSA, a component of the United States
Department of Justice, as a defendant in this action. (See
Compl.)  The FOIA creates a right of action only against federal
agencies, not their respective components.  See 5 U.S.C.
§ 552(a)(4)(B) ("the district court . . . has jurisdiction to
enjoin the agency from withholding agency records"); 5 U.S.C.
§ 552(f)(1) (defining the term "agency"); see also, e.g.,
Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 31 n.1 (D.D.C.
                                            (continued...)

2

Defendants have now moved to dismiss this action pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, because plaintiff has failed to exhaust his administrative remedies.  In support of their motion, defendants have filed herewith the declarations of David Luczynski, Attorney-Advisor, Freedom of Information and Privacy Act Unit, EOUSA, United States Department of Justice [hereinafter Luczynski Decl.] and Christina J. Griffiths, FOIA Coordinator, United States Attorney's Office, Middle District of Florida, United States Department of Justice [hereinafter Griffiths Decl.], which describe the administrative processing of plaintiff's FOIA request.  Based upon these declarations, the entire record herein, and for the reasons set forth below, defendants respectfully submit that their motion to dismiss or, in the alternative, for summary judgment be granted pursuant to Rules 12(b)(1), (b)(6), and 56 of the Federal Rules of Civil Procedure.

<u>Factual and Procedural Background</u>

By letter dated May 30, 2007, plaintiff submitted a request to EOUSA pursuant to the FOIA and the Privacy Act for access to all public source records pertaining to himself, including records concerning his police reports.  (<u>See</u> Luczynski Decl. ¶ 5 & Ex. D.)

--------

[1](...continued)
2002).  Thus, the United States Department of Justice is the proper party defendant.

3

By letter dated August 21, 2007, EOUSA acknowledged receipt of plaintiff's request and designated it as Request Number 07-2263.[2] (See id. ¶ 6 & Ex. E.) The letter notified plaintiff that the estimated fees for the request amounted to more than $25.00 and, therefore, required an agreement by plaintiff to pay the anticipated fees before further action would be taken on his request, in accordance with 28 C.F.R. § 16.11(e) (2007). (See Luczynski Decl. ¶ 6 & Ex. E.) EOUSA attached a blank form to its letter to be signed and returned by plaintiff setting forth his agreement to pay fees. (See id.) Plaintiff filled-out and signed that form on September 5, 2007, which EOUSA received in September 2007.[3] (See id. ¶ 7 & Ex. F.)

After commencement of this litigation, EOUSA completed its search of the files of the United States Attorney's Office for the Middle District of Florida, locating approximately 3,178

---

[2] Plaintiff previously submitted a FOIA request to EOUSA for all records pertaining to himself in September 2006. (See Luczynski Decl. ¶ 4 & Ex. A.) EOUSA treated the request as one for non-public source records and assigned it Request Number 06-3274. (See id. ¶ 4 & Ex. B.) By letter dated April 25, 2007, EOUSA informed plaintiff that "[t]here are public records which may be obtained from the clerk of court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees." (See id. ¶ 4 & Ex. C.) Subsequently, by letter dated May 30, 2007, plaintiff submitted a new request to EOUSA for his public source records, which is the basis for the instant lawsuit. (See id. ¶¶ 4,5 & Ex. D.)

[3] EOUSA received two agreements to pay fees from plaintiff signed on September 5, 2007, which are substantially the same. (See Luczynski Decl. ¶ 7 & Exs. F, G.)

4

pages of records responsive to plaintiff's request.  (See id. ¶
8; Griffiths Decl. ¶¶ 7-9.)  By letter dated April 16, 2008,
EOUSA informed plaintiff of the results of its search and the
approximately 3,178 pages of responsive records.  (See Luczynski
Decl. ¶ 9 & Ex. H.)  EOUSA enclosed with the letter 100
unredacted pages free of charge from the 3,178 pages of
responsive records.[4]  (See id.)  By this same letter, EOUSA
assessed the duplication fee for the remaining 3,078 responsive
pages at $307.80 (i.e., 10 cents per page), and advised plaintiff
that he had the option to pay for all of the pages or pay a
reduced fee for a reduced number of pages.[5]  (See id.)
Additionally, the letter informed plaintiff that he needed to
provide payment within thirty days in order to obtain any of the
remaining records.  (See id.)

    As of May 29, 2008, plaintiff has neither paid the required
fees nor requested a waiver of fees.  (See id. ¶ 10.)  Likewise,
plaintiff has not requested a reduction of fees by reformulating
his request or designating a maximum dollar amount that he is
willing to pay for duplication fees.  (See id.)

---

    [4] EOUSA's August 21, 2007, letter mistakenly informed
plaintiff that he had already received 100 free pages regarding
Request Number 07-2263.  (See Luczynski Decl. ¶ 6 & Ex. E.)

    [5] Noncommercial FOIA requesters are entitled to a maximum of
100 pages of records responsive to their request without charge,
after which they are charged at the rate of 10 cents per page.
See 5 U.S.C. § 552(a)(4)(A)(iv)(II); 28 C.F.R. § 16.11(c)(2),
16.11(d)(3).

5

Argument

THE COURT SHOULD DISMISS THIS ACTION OR GRANT JUDGMENT
AS A MATTER OF LAW DUE TO PLAINTIFF'S FAILURE TO
EXHAUST THE ADMINISTRATIVE REMEDIES PROVIDED BY THE FOIA

In cases involving the FOIA, "exhaustion of administrative remedies is a condition precedent to judicial review." Jeanes v. Dep't of Justice, 357 F. Supp. 2d 119, 122 (D.D.C. 2004). Thus, only after having exhausted all administrative remedies may a requester seek judicial review of a FOIA request. See Ivey v. Snow, No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006), aff'd sub nom. Ivey v. Paulson, 227 Fed. App'x 1 (D.C. Cir. June 20, 2007); Skrzypek v. U.S. Dep't of Treasury, No. 06-1129, 2008 WL 1968830, at *2 (D.D.C. May 7, 2008); Smith v. BOP, 517 F. Supp. 2d 451, 455 (D.D.C. 2007).

Under the FOIA, exhaustion of administrative remedies is generally required prior to bringing an action in federal court in order to give an agency the "'opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'" Schoenman v. FBI, No. 04-2202, 2006 WL 1126813, at *9 (D.D.C. Mar. 31, 2006) (quoting Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990)). Judicial review is precluded by failure to exhaust "'if the purposes of exhaustion and the particular administrative scheme support such a bar.'" Id. (quoting Hidalgo v. FBI, 344 F.3d 1256, 1259 (D.C. Cir. 2003)). In the D.C. Circuit, courts have held that "'FOIA's

6

administrative scheme favors treating failure to exhaust as a bar
to judicial review' and that allowing parties to pursue judicial
review under FOIA would undercut the purposes of exhaustion."
Id. (quoting Hidalgo, 344 F.3d at 1259).  As such, courts within
this jurisdiction have repeatedly held that administrative
remedies must be exhausted before a party can seek judicial
review under the FOIA.  Id. (citations omitted).

Plaintiff has failed to exhaust his administrative remedies
because he has failed to pay the fees associated with the
processing of his FOIA request.  Pursuant to the FOIA, an agency
may charge a requester reasonable fees for search, review, and
duplication of responsive records.  See 5 U.S.C. § 554(a)(4)(A).
Fees related to FOIA requests that are made to the Department of
Justice are governed by 28 U.S.C. § 16.11.  Under this
regulation, FOIA requesters generally are obligated to pay for
search and copying fees.  See id. § 16.11(c).  No search fees
were assessed in this case since the search for records did not
exceed two hours; however, plaintiff is responsible for payment
of duplication fees, which are charged at the rate of 10 cents
per page, after the initial grant of 100 pages free of charge.
See id. § 16.11(c),(d); see also Luczynski Decl. ¶ 8.

Regarding plaintiff's FOIA request, EOUSA located
approximately 3,178 pages of partially or fully releaseable
pages, yielding a duplication fee of $307.80.  (See Luczynski

7

Decl. ¶¶ 8, 9 & Ex. H.)  Along with its April 16, 2008 fee
letter, EOUSA provided plaintiff with 100 pages to which he was
entitled without charge.  (See id. ¶ 9 & Ex. H.)  In EOUSA's
letter, plaintiff was informed that he had 30 days to pay the
duplication fee associated with his request in order to move
forward with it.[6]  (See id.)  As of May 29, 2008, forty-three
days after EOUSA's April 16, 2008 letter, plaintiff has failed to
pay the required duplication fee.  (See id. ¶ 10.)

    Noncompliance with the FOIA's fee requirements constitutes
failure to exhaust administrative remedies.  See Banks v. Dep't
of Justice, 538 F. Supp. 2d 228, 237 (D.D.C. 2008) ("Defendants
demonstrate that plaintiff did not exhaust his administrative
remedies with respect to the EOUSA requests because he did not
pay the aggregate fees assessed with respect to [those FOIA
requests].");  Judicial Watch, 190 F. Supp. 2d at 33 ("The D.C.
Circuit has held that failure to pay FOIA fees constitutes a
failure to exhaust administrative remedies.").  As this Court has
held, "'[e]xhaustion [of administrative remedies] does not occur
until the required fees are paid or an appeal is taken from the

_____

    [6] Department of Justice regulations provide that in cases in
which the estimated fee exceeds $250.00, such as the instant
case, the agency may require an advance payment of the entire
estimated amount before beginning to process the request.  See
28 C.F.R. § 16.11(i)(2).  Further, the regulations provide that
the request shall not be considered received until the required
payment is received.  See id. § 16.11(i)(4).

8

refusal to waive fees.'" <u>Banks</u>, 538 F. Supp. 2d at 233 (quoting <u>Oglesby</u>, 920 F.2d at 66 and <u>Trueblood v. U.S. Dept. of Treasury</u>, 943 F. Supp. 64, 68 (D.D.C. 1996)).

A requester is not relieved of his obligation to pay any required fees simply because he has commenced a civil action pursuant to the FOIA, <u>see</u> <u>id.</u> (citations omitted), where, as here, the requester has not received the agency's fee letter at the time of the filing of his complaint. <u>See</u> <u>Skrzypek</u>, 2008 WL 1968830, at *2 ("Payment is required '[r]egardless of whether the plaintiff 'filed' suit before or after receiving a request for payment.'" (quoting <u>Trueblood</u>, 943 F. Supp. at 68)). Moreover, failure to pay fees constitutes a failure to exhaust where, as in the instant case, the agency has not substantively responded to the FOIA request within the statutory time period and notifies requester of the estimated fees for the processing of the request only after the action is filed. <u>See</u> <u>Jeanes</u>, 357 F. Supp. 2d at 123. Thus, the procedural posture of this case in no way lessens the fact that plaintiff's current nonpayment of fees constitutes a failure to exhaust his administrative remedies.

Plaintiff's failure to follow the requirements of the FOIA and exhaust his administrative remedies compels the dismissal of this action. <u>See</u> <u>Judicial Watch</u>, 190 F. Supp. 2d at 33 (granting defendant's motion to dismiss because plaintiff failed to exhaust its administrative remedies). Alternatively, defendants are

9

entitled to judgment as a matter of law since they have demonstrated the absence of any genuine issue of material fact as to their compliance with the FOIA. See Skrzypek, 2008 WL 1968830, at *2 ("Because no factual dispute exists with regard to plaintiff's nonpayment of the assessed fee, the Court finds that defendant is entitled to judgment as a matter of law based on plaintiff's failure to exhaust administrative remedies."); Antonelli v. ATF, No. 04-1180, 2008 WL 1849839, at *5 (D.D.C. Apr. 28, 2008) (finding that "defendants are entitled to judgment as a matter of law on the claims resulting from plaintiff's non-payment of fees").

10

<u>Conclusion</u>

For the foregoing reasons, and based upon the entire record herein, defendants respectfully request that their motion to dismiss or, in the alternative, for summary judgment be granted.

Respectfully submitted,

_____
JEFFREY A. TAYLOR
(DC Bar #498610)
United States Attorney


_____
RUDOLPH CONTRERAS
(DC Bar #434122)
Assistant United States Attorney


_____/s/_____
Dated:  May 30, 2008        Kathleen A. McNabb
                            Attorney-Advisor
                            Office of Information and Privacy
                            United States Department of Justice
                            1425 New York Ave., NW, Suite 11050
                            Washington, DC  20530-0001
                            (202) 616-5473

                            Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DEMETRIUS MCLAUGHLIN,          )
                               )
       Plaintiff,              )
                               )
       v.                      )   Civil Action No. 07-2347 (RMC)
                               )
U.S. DEPARTMENT OF JUSTICE,    )
                               )
       and                     )
                               )
EXECUTIVE OFFICE FOR           )
   UNITED STATES ATTORNEYS,    )
                               )
       Defendants.             )
                               )
```

ORDER

Upon consideration of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, of all papers filed with respect thereto, and of the entire record herein, and it appearing to the Court that the granting of defendants' motion, pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, would be just and proper, it is by the Court this _____ day of _____ 2008,

ORDERED that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment be, and it hereby is, granted; and it is further

ORDERED that this action be, and it hereby is, dismissed.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Mr. Demetrius McLaughlin          Kathleen A. McNabb
Register No. 41297-018            Attorney-Advisor
United States Penitentiary        Office of Information and Privacy
Post Office Box 1033              United States Department of Justice
Coleman, FL  33521               1425 New York Ave., NW, Suite 11050
                                  Washington, DC  20530-0001

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendants' Statement of Material Facts as to Which There is No Genuine Issue, Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, proposed order, Declaration of David Luczynski, exhibits to that declaration, and Declaration of Christina J. Griffiths were served upon plaintiff pro se by deposit of a copy thereof in the U.S. mail, postage prepaid, first class mail, addressed to:

                    Mr. Demetrius McLaughlin
                    Register No. 41297-018
                    United States Penitentiary
                    Post Office Box 1033
                    Coleman, FL  33521

on this 30th day of May 2008.

                            _____/s/_____
                            KATHLEEN A. MCNABB

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,                    )
                                         )
        Plaintiff,                       )
                                         )
     v.                                  )  Civil Action No. 07-2347 (RMC)
                                         )
U.S. DEPARTMENT OF JUSTICE,              )
                                         )
        and                              )
                                         )
EXECUTIVE OFFICE FOR                     )
  UNITED STATES ATTORNEYS,               )
                                         )
        Defendants.                      )
─────────────────────────────────────   )

## DECLARATION OF DAVID LUCZYNSKI

        I, David Luczynski, declare the following to be a true and correct statement of facts:

        1)      I am an Attorney Advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 (2006), amended by the OPEN Government Act of 2007, Pub. L. No.

110-175, 121 Stat. 2524, and the Privacy Act of 1974, 5 U.S.C. § 552a (2006) ("PA"), the

reviewing of FOIA and PA requests for access to records located in this office and ninety-four

United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of

correspondence related to requests, reviewing of searches conducted in response to requests,

locating of responsive records, preparing of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA as well as the Department of Justice regulations (28

C.F.R. § 16.3 and §16.40).

    2)    As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

    3)    Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Demetrius McLaughlin. I have reviewed the complaint which this Declaration addresses.

    4)    Plaintiff originally made a FOIA request to EOUSA for all records pertaining to himself in September of 2006. (**See Ex. A.**) Assigning Request Number 06-3274 to plaintiff's request, EOUSA treated the request as one for all records about plaintiff except for public source records. EOUSA sent plaintiff a letter dated December 11, 2006, informing him of fees pertaining to Request Number 06-3274 and informing plaintiff that the there are about 1000 pages of public records that were held back in the Middle District of Florida that would be available for a charge. (**See Ex. B.**) EOUSA processed and completed its action on Request Number 06-3274 and, by letter dated April 25, 2007, EOUSA informed plaintiff that "[t]here are public records which may be obtained from the clerk of court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees." (**See Ex. C.**) Plaintiff submitted a new,

narrowed request for his public source records to EOUSA which is the basis for the instant lawsuit.

5)    By letter dated May 30, 2007, Plaintiff submitted his FOIA request to EOUSA for the "one thousand page[s] of Public Records" of which EOUSA had previously informed him, along with a request for access to the following information:

> (i) copies of any and all documents, records, and information in connection with the investigation that lead to Indictment No. 8:03-CR- 226-T-17MSS and is a part or contained in the public records.

> (ii) copies of search warrants and police reports and all documents pertaining to agencies that provided assistance in connection with the investigation that lead to the indictment, including reports of the surveillance that was conducted in July and August of 2002.

> (iii) any and all court documents filed in connection with Indictment No. 8:03-CR- 226-T-17MSS and papers with Plaintiff's name.

(See Ex. D.)

6)    EOUSA acknowledged Plaintiff's request and provided him with a FOIA reference number concerning the search, No. 07-2263, by letter dated August 21, 2007. The Plaintiff was also informed that due to the amount of 1000 expected responsive pages, his fee may be in the amount of $100.00. The letter also notified plaintiff that the estimated fees for the request amounted to more than $25.00 and, in accordance with 28 C.F.R. § 16.11(e) (2007), EOUSA required an agreement by plaintiff to pay the anticipated fees before further action would be done regarding his request. The letter mistakenly informed plaintiff that he already received 100 free pages regarding Request Number 07-2263. Plaintiff was instructed to return an attached form which constituted his agreement to pay the anticipated fees. (See Ex. E.)

7)    On September 21, 2007, EOUSA received Plaintiff's signed agreement to pay the fees associated with his request dated September 5, 2007. (**See Ex. F.**) There is also another signed agreement that was received from Plaintiff on September 26, 2007. (**See Ex. G.**) Plaintiff included commentary at the bottom of both of his completed agreements to pay a fee informing EOUSA that it was mistaken in its belief that he had already received his 100 pages free. Both letters from Plaintiff convey his acceptance and willingness to pay the agreed-upon fees.

8)    After commencement of this litigation, EOUSA searched the files of the United States Attorneys' Office for the Middle District of Florida. No search fees were assessed in this case because EOUSA's search for records did not exceed two hours. As a result of the search, approximately 3178 responsive pages were located which is substantially more records than the anticipated 1000 pages mentioned in EOUSA's August 21, 2007 letter to Plaintiff.

9)    On April 16, 2008, EOUSA sent a letter to Plaintiff, informing Plaintiff that all the records sought are available to be released to the Plaintiff. EOUSA's letter notified Plaintiff about the approximately 3178 responsive pages, and enclosed 100 of the responsive pages free of charge. The letter also notified Plaintiff that the assessed fee for the remaining 3078 responsive pages was $307.80 for copying costs of $0.10 per page. The letter notified Plaintiff that if he cannot pay the full amount of $307.80 for the remaining 3078 pages, he has an option to reduce the amount of his fees by reducing the amount of pages in his request. The letter included a notice stating that the request will be closed if Plaintiff does not send a payment within 30 days. (**See Ex. H.**)

10)    To this day EOUSA has not received any response nor further communication from the Plaintiff regarding the payment of fees, a reduction of fees, nor designating a maximum number of pages or maximum amount of fees he is willing to pay.

11)     A detailed affidavit describing the search for responsive records that was performed by the FOIA Contact is submitted along with this declaration.

12)     All documents responsive to Plaintiff's FOIA request have been located in the United States Attorneys Office for the Middle District of Florida, ("USAO/FLM"). There are no other records systems or locations within the Middle District of Florida in which other files pertaining to Plaintiff's request are maintained.

13)     Each step in the handling of Mr. McLaughlin's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29th, 2008

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

# Exhibit A

No. 07-2347 (D.D.C.)(RMC)

FROM: DEMETRIUS MCLAUGHLIN
       REG# 41297-018
       FCC COLEMAN-USP
       P.O.BOX 1033
       COLEMAN,FL,33521-1033

RECEIVED

2006 OCT -6 PM 3:15

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

TO:                                                    September 18,2006
    U.S. DEPARTMENT OF JUSTICE
    EOUSA/FOIA/PA UNIT
    BICN BLDG, RM. 7300
    600 E ST, N.W.
    WASHINGTON, DC 20530


       Dear Sir or Ms.:

       This letter serves as my request pursuant to the provision of the
Freedom of Information Act ( 5 U.S.C.§552) and Privacy Act ( 5 U.S.C.§552à)
(d)(1) and  applicable to state statute governing the Freedom of Inform-
ation Act request.

       Please send me copies of any and all documents, records, policy and
information that were used in connection with  the Indictment of this case
8:03-cr-226-T-17MSS and the prosecution of said indictment numbeb. This
includes and not limited to the trial that was conducted of the indictment
number of the requester. Which were the result of the ongoing investigatio
that were being conducted by the Pasco County Sheriff Office Detectives
and Deputies and were the Drug Enforcement Agency (DEA) of the Middle Dis-
trict of Florida Tampa Division. That join and participated in the invest-
igation of the illegal manufacturing of methamphetmine in the area of
Pasco County on or approximately May 2002 through March 2004. This request
is sought specifically for mendment,deletion and/or expungment(5 U.S.C.552
a (d)(2)(a) of records sought but not limited to,is the compiled file of
indictment number 8:03-cr-00226-T-17MSS containing,

       1. Requesting any and all copies of documents,record§ and informatic
policy of the requirement for Herndo County Sheriff Office Narcotic Detectiv
in assisting other Law enforcement Agency. This include but not limited to
any information of gathering in the assistance that were given in the in-
vestigation.

                                    [1]

2. This includes copies of any and all documents,records,policy and information that were connected to the surveillance that were used and it equipement, A. such as the Aviation Unit of the Pasco County Sheriff Office helicopter,fight plan signin sheet, signout sheet,and the aviation sheet on the months of July 16,2002 times 5pm,8pm and August 10,2002 times 4pm 8pm.

3.This includes copies of any and all documents,records,policy information on holding tape recording of radio communication and the making of radio transcripts in connection with an investigation this includes the communication for July 16,2002 of the investigative traffic stop conducted by Pasco County Sheriff Office Detectives and Deputies of Requester. This includes any photos that were taken.

4. Requesting any and all copies of documents,records,policy and information in connection with the traffic stop conducted by Pasco County Sheriff Office Detectives and Deputies on July 16,2002 of Requester on Old Lakeland Highway North of Lynnbrook Road. That were part of the on going investigation.

5. Requesting any and all copies of documents,records,policy and information on the collecting of evidence and the distorying of the evidence in this case an indictment no. 8:03ecr-226-T-17MSS. This would include the photos that were taken of the said evidence.

6. Requesting any and all copies of documents,records,policy and information on the notes,logs,report, memorandums,that were in connection to the on going investigation. This includes the month of July 16,02 while conducting the surveillance.

7.This includes any and all documents records,policy and information on the closing of the investigation includes the notes reports in connection to this indictment no.8:03-cr-226-T-17MSS AND photos.

As you may know, that the Freedom of Information Act provides that if portion of a document are exempt from release the remainder must be segregated and disclosed. Therefore, I will expect you to send me all non-exempt portions of the records which I have requested|| and I ask that you justify any deletion with refence to specfic exemptions of FIOA. The information requested is not to be used for commercial benefit, so I do not expect to be charge fees for your review of the material to see if it falls with in one of FOIA exemptions.

[2]

I promise to pr      reasonable search and duplication costs in connection with this requesting. However, please notify me ahead of time if you estimate that total fees will exceed, 25 so I can approve the addition amount.

7. This is include any and all document records, and information in connection to the interviews, report completed by this agency in the course of the investigation through May 2002 to March, 2004.

## CERTIFICATE OF SERVICE

T Demetrius Mclaughlin, hereby certify that a copy hereof has been Mail to the above address this *13* day of September 06.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN

[3]

U.S. Department of Justice                **Certification of Identity**                

---

Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 18 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   DEMETRIUS ANTWON MCLAUGHLIN

Citizenship Status [2]   UNITED STATES OF AMERICA   Social Security Number [3]  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

Current Address   UNITED STATES PENITENTIARY P.O. BOX 1033|| COLEMAN||FL, 33521-1033

Date of Birth  11-07-73                  Place of Birth  LAKELAND, FLA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  *Deol. Mfll*                  Date  9-15-06

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

DEMETRIUS  MCLAUGHLIN
                     **Print or Type Name**

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07                                                           FORM DOJ-361
                                                                         SEPT 04

# Exhibit B

No. 07-2347 (D.D.C.)(RMC)



**United States Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                    *FAX (202) 616-6478*
*Washington, DC 20530*

Request Number: 06-3274

Requester: Demetrius McLaughlin                    DEC 1 1 2006

Dear Mr. McLaughlin:

We have completed a search for documents responsive to your FOIA/PA request (which we interpreted as for all records on yourself). The Middle District of Florida spent 2.5 hours of search time beyond the two hours of search time provided to you at no charge. Our fee for search time is $28 per hour, thus resulting in a fee for search time of $70. In addition, the district forwarded to us about 640 pages of records that are potentially responsive to your request. This does not include about 1000 pages of public records that were held back in the district, but would be available to you for a charge. Although not all of these pages are likely to be released to you, you should note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free. Therefore it is clear that charges will exceed $25.

In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.

In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request. Please complete the attached form and return to the above address. If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

Form No. 017p1 - 4/2000     **THIS IS NOT A BILL. DO NOT SEND MONEY!**

# Exhibit C

No. 07-2347 (D.D.C.)(RMC)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester: **Demetrius McLaughlin**      Request Number: __06-3274__

APR 2 5 2007

Subject of Request: _Self/FLM_

Dear Requester:

      Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

      To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

      The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [    ] full denial.

      Enclosed please find:

    __29__    page(s) are being released in full (RIF);
    __12__    page(s) are being released in part (RIP);
    __164__    page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

      The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

    <u>Section 552</u>                           <u>Section 552a</u>

| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
|---|---|---|---|
| [ X ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [ ] (k)(2) |
| [ X ] (b)(3) | [ ] (b)(6) | [ X ] (b)(7)(D) | [ ] (k)(5) |
| FRCrP 6(e) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] _____ |
| 5USC App. 4 sec. 107 | [ X ] (b)(7)(F) | | |
| 5CFR sec. 2634.604 | | | |

[ X ]  In addition, this office is withholding grand jury material which is retained in the District.

(Pa;
Form No. 021 -:

[ X ] A review of the material revealed:

[ X ] __272__ page(s), __1__ CD-R and __1__ cassette tape originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you: **Drug Enforcement Administration (DEA)/270 pages & United States Marshals Service (USMS)/2 pages**.

[ X ] There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[ X ] See additional information attached.

This is the final action on this above-numbered request. You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.** Both the letter and envelope should be marked "FOIA Appeal." If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court, 28 C.F.R. § 16.9.

Sincerely,

William G. Stewart II
Assistant Director

Enclosure(s)

# Exhibit D

No. 07-2347 (D.D.C.)(RMC)

FROM :DEMETRIUS MCLAUGHLIN
REG#41297-018
FCC COLEMAN-USP
P.O.BOX 1033
COLEMAN, FL, 33521

DERICT RESPONSE TO:
DEMETRIUS MCLAUGHLIN
REG#41297-018

RECEIVED

DEPT. OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

May 30, 07

TO:FREEDOM OF INFORMATION/PA
U.S.DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATT.
600 E. STREET N.W. STE 7300 BIC/BLDG
WASHINGTON D.C. 20530-0001

IDENTIFICATION OF REQUESTER
DEMETRIUS MCLAUGHLIN
REG#41297-018
ALLIAS:DEKE
DOB:11-07-73
POB:LAKELAND, FL,
SSN: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

        Dear, Sir, Ms...:

        This letter serves as my request pursuant to the provision
of Freedom Information Act ( FIOA 5 U.S.C.§552) and the Privacy
Act (PA 5 U.S.C.§552a). This Request is in regards to the One
thousand page of Public Records, that in this Office possession
in which has inform me of such records. see attachment.

        I am requesting copies of any and all documents, records,
and information inconnection with the investigation that lead
to the indictment and is a part or contain in the Public Records.

        I am requesting copies of search warrants and police report
and the copies of documents, records, of all Agency that provide
assistance and its Units such as the Aviation Unit of Pasco
County Sheriff's Office on July 16,02 and August 02. This would
include reports of the surveillance that was conduct July 16,
and Aug. 02.

        I am requesting any and all Court documents records that
was filed and connected to the indictment number 8:03-CR-226-T-17MSS
and papers with my name on them.

I promise to pay reasonable search and duplication costs in connection with this request. However, please notify me ahead of time if you estimate that the total fees will exceed $30 dollars so I can approve the additonal amount.


## CERTIFICATE OF SERVICE

I do, hereby certify that a copy hereof has been furish by U.S. Mail through the prison mail system on this 30th day of May, 2007.

DEMETRIUS MCLAUGHLIN
REG#41297-018

[2]

# Exhibit E

No. 07-2347 (D.D.C.)(RMC)



**United States Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff

*Suite 7300, Bicentennial Building*          *(202) 616-6757*
*600 E Street, N.W.*                          *FAX (202) 616-6478*
*Washington, DC 20530*

Request Number: 07-2263

Requester: Demetrius McLaughlin

AUG 2 1 2007

Dear Mr. McLaughlin:

We received your letter dated May 30, 2007 in which you asked for the public records in your case and asked to be informed if fees would exceed $30. As we noted in our earlier fee letter to you, the district has about 1000 pages of records, which since they are public records, could be released. Since you have already received your 100 free pages, the charge would be about $100. Also, you mentioned certain specific records. If we were to search through the court records for those specific documents, you would incur search fees as well, at $28 per hour.

In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.

In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request. Please complete the attached form and return to the above address. If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

Sincerely,

William G. Stewart II
Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

Form No. 017p1 - 4/2000        **THIS IS NOT A BILL. DO NOT SEND MONEY!**

Requester Demetrius McLaughlin          Request Number 07-2263

## CHOOSE ONE

___Please do not search any longer.  **I understand that I am entitled to the first 100 pages free.**  If you have found releasable documents, send me the free documents and close my case.

___Please do not search any longer.  I wish to withdraw my request.

___I agree to pay the search fee indicated above.  **I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

___I wish to reformulate my request in an attempt to reduce fees.  Please limit my request to the following documents, and notify me of any revised fee amount._____

_____

_____

_____

_____

(Please note that a search for specific records may require more search time and fees).

___I agree to pay up to the following amount for search time._____
**I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

_____                    _____
Name                                        Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

Exhibit F

No. 07-2347 (D.D.C.)(RMC)

Requester Demetrius McLaughlin          Request Number 07-2263

CHOOSE ONE

RECEIVED

2007 SEP 21  PH 1:33

DEPT OF JUSTICE/EOUSA

____Please do not search any longer.  I understand that I am entitled to the first 100 pages free.  If you have found releasable documents, send me the free documents and close my case.

____Please do not search any longer.  I wish to withdraw my request.

____I agree to pay the search fee indicated above.  I understand that this payment is required even if no documents are located or released to me.  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

____I wish to reformulate my request in an attempt to reduce fees.  Please limit my request to the following documents, and notify me of any revised fee amount._____

_____

_____

_____

(Please note that a search for specific records may require more search time and fees).

____I agree to pay up to the following amount for search time._____
   **I understand that this payment is required even if no documents are located or released to me.**  In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

_____          9-05-07
Name                               Date

Please return to:

EOUSA
FOIA/PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

    To whom it may concern;
        It was stated with the response that was sent this form. That
    I have already receive the first hundred pages of the thousand
    pages. This is not true and I am still waiting to receive the first
    hundred. Thank You!!!!!!

# Exhibit G

No. 07-2347 (D.D.C.)(RMC)

Requester: Demetrius McLaughlin          Request Number: 07-2263

RECEIVE
07 SEP 26 PH
PT. OF JUST
FOIA/PR

## CHOOSE ONE

___ **I understand that I am entitled to the first 100 pages and 2 hours of search time free.** Please search only up to 2 hours and process only up to 100 pages that can be released to me.

___ I wish to withdraw my request.

___ I wish to revise my request to try to reduce fees. Please limit my request to the following documents:

_____

_____

_____

_____

(Please note that a search for specific records may sometimes require more search time and fees).

✗ Please search only up to the following number of hours: _whatever is nessessary_

**I understand that search payment will be required even if no documents are located or released to me.** In the event that documents are located and released to me, I understand that I may be charged duplication fees in addition to search fees.

_____    _app_          _09-05-07_
Name                                        Date

Please return to:

EOUSA
FOIA-PA
600 E. Street, N.W., Room 7300
Washington D.C., 20530

```
To whom it may concern;
    It was stated with the response that was sent with this form
That I have already receive the first hundred pages of the thousand
pages. This is not true and I am still waiting to receive the first
hundred. Thank You !!!!!
```

# Exhibit H

No. 07-2347 (D.D.C.)(RMC)



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)*

Requester:  McLaughlin, Demetrius                    Request Number: 07-2263

Subject of Request:  Self (Public records)/FLM

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

___3178___ page(s) are available to be released in full (RIF); this number is approximate
_____ page(s) are available to be released in part (RIP);
_____ page(s) are withheld in full (WIF).

> [ X ] We are releasing 100 pages free of charge. A fee is being assessed for the remaining ___3078___ pages. The remaining pages are available at a cost of $0.10 per page. Fee is being assessed for remaining pages.
>
> 1) _____ I would like to pay _____ for copying and receive the corresponding number of pages.
>
> 2) _____ I would like to receive all ___3078___ pages and pay $ ___307.80___ for copying.

Once you have made your selection, in order to receive records you must send a check or money order payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

**If we do not receive a payment from you within 30 days from the date of this letter, your request will be closed.**

In addition, a review of the material revealed:

[  ]     See additional information attached.


This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C.  20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal."


                              Sincerely,


                              William G. Stewart II
                              Assistant Director

Enclosure(s)

                                        (Page 2 of 2)
                                        Form No. 021 - fee/bill - 3/07

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS McLAUGHLIN

     Plaintiff.

     v.

UNITED STATES DEPARTMENT OF
JUSTICE.

     Defendant.

Civil No.  07-2347 (RMC)

## DECLARATION OF CHRISTINA J. GRIFFITHS

I, Christina J. Griffiths, declare the following to be a true and correct statement of facts:

1.     This Declaration addresses actions taken regarding a FOIA request made by Mr. Demetrius McLaughlin and searches performed to locate records responsive to that request. The statements I make herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired by me through the performance of my official duties.

2.     One of my current collateral duties includes serving as the Freedom of Information Act ("FOIA") coordinator for the United States Attorney's Office for the  Middle District of Florida ("USAO/MDFL").  Since approximately the year 2000, I have been the FOIA coordinator between the USAO/MDFL and the  Executive Office for United States Attorneys ("EOUSA") FOIA office.  My responsibilities as the FOIA coordinator include the following: transmitting a FOIA request directly received in the USAO/MDFL to EOUSA as required by regulation; assigning new FOIA requests received from EOUSA to the several FOIA contacts throughout USAO/MDFL who are tasked with searching for records responsive to a particular FOIA requests: researching various computer databases and other tracking systems to locate files, which may contain potentially responsive documents; contacting the FOIA contacts, Assistant

United States Attorneys (AUSAs) and other staff requesting that they search for potentially responsive records; and tracking the progress and responses to searches performed for requested records. I am the liaison between the various FOIA Contacts in the USAO/MDFL and EOUSA in these matters, and on occasion, I process FOIA requests, myself, as a FOIA Contact.

3.    In this capacity, I handle approximately ninety FOIA requests per year. The FOIA Contact (or other office staff as required) is responsible for searching for documents that might be responsive to a FOIA request. A search for files which may contain responsive records is usually conducted by use of the computer tracking system LIONS, by which an individual's records are accessed by name and location of the records identified. I conduct that search and provide the information to the FOIA Contact assigned to process the request. If documents are located, the FOIA Contact then reviews them and separates responsive records from non-responsive records based upon the subject of the request. After the FOIA Contact determines the response will not require a fee letter (from EOUSA based upon excessive search time and/or volume of records located), the FOIA Contact then copies and forwards the responsive records to EOUSA for their review and disclosure determination. If no responsive records are located, the FOIA Contact so notifies EOUSA and provides a description of the search performed.

4.    Due to the nature of my duties, I am familiar with the specific procedures followed by this Office in searching for and responding to Mr. McLaughlin's FOIA request.

5.    On August 13, 2007, I received a FOIA requests from EOUSA made by Mr. McLaughlin, assigned number 07-2263. This request sought 1,000 pages of public records as well as search warrants and police reports relating to his criminal prosecution in Tampa,

2

Florida. I was the principal FOIA Contact who responded to this request.

6.    On August 17, 2007, I conducted a LIONS query searching for files which may contain records responsive to Mr. McLaughlin's FOIA request. My LIONS search revealed a closed criminal case, USAO 2002R02989, Case No. 8:03cr226T, with a related direct appeal, Case No. 07-12418, and section 2255 case for co-defendant James E. Howze. On that same date, I e-mailed EOUSA for guidance regarding this request due to the volume of pages requested. I did not attempt to locate or obtain the files at this point. Shortly thereafter, I was provided with a copy of the August 21, 2007, fee letter EOUSA sent Mr. McLaughlin. I have no recollection of receiving information regarding Mr. McLaughlin's response to the fee letter nor does my file contain any such documentation.

7.    On January 25, 2008, I received an e-mail from EOUSA advising me to expedite the processing of Mr. McLaughlin's request and send the 1,000 pages of public records. Pursuant to this request, I queried our internal case information system and learned that the file consisted of four boxes. Based on this information, I requested additional guidance and on February 1, 2008, was instructed to send all the public records in our file.

8.    The four boxes, located in the Appellate file storage area, were transferred to me on February 7, 2008. I spent approximately 40 minutes reviewing the files to locate the public records. I transmitted all the documents I copied to the FOIA Unit via Federal Express on February 8, 2008.

9.    Upon further review of Mr. McLaughlin's request, I determined and later confirmed with EOUSA that I needed to locate and copy any police reports contained in the files. I again searched those same four boxes. The search for these records took approximately 25 minutes. The police reports were transmitted to the FOIA Unit via Federal Express on

3

February 14, 2008, as a "supplemental" response.

10.    On May 5, 2008, EOUSA requested that I provide a factual statement regarding the search performed in response to Mr. McLaughlin's FOIA request. The above contains a summary of the actions I took regarding this request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of May, 2008 in Tampa, Florida.


CHRISTINA J. GRIFFITHS
FOIA Coordinator
Office of the United States Attorney
Middle District of Florida, Tampa Division
400 N. Tampa Street, Suite 3200
Tampa, FL  33602
Telephone: (813) 274-6079