IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff

*Let this be filed*
*RM Colley*
*8/28/08*

vs.                          Civil No.07-2347(RMC)

UNITED STATES OF AMERICA,
        Respondent,
_____/

PLAINTIFF'S MOTION FOR ADDITIONAL EXTENSION OF TIME/OR ADDITIONAL
14 DAYS TO SUBMIT THE MOTION IN OPPOSITION TO SUMMARY JUDGMENT

COMES NOW, DEMETRIUS MCLAUGHLIN, proceeding herein pro- se and respectfully request of this Honorable Court to grant the Motion For Extension of Time. In the alternative this Court, is ask to grant Stay to allow Plaintiff to file the Motion In Opposition To Summary Judgment, because the exist of excusable neglect or inadvertence on Plaintiff behalf. And now states the following in support:

1.) This action was commenced by Plaintiff, on December 2007, pursuant to the Freedom of Information Act, 5 USC§ 552 and the Privacy Act, 5USC§ 552a.

2.) On the 07th dat of July 2008, the prison went on lockdown until the 15th day of July 2008. Whereas, the prison has now went back on lockdown on July 29, 2008, and still remains on lockdown. Plaintiff, still not has any access to the law library or commissary. See Attachment.

Therefore, Plaintiff, ask this Honorable Court to grant the Motion For Additional Time or Extension . Due to the excusable neglect or inadvertence on his part of not being able to file the Motion In Opposition To Summary Judgment in regards to the Complaint. That the Plaintiff, does contends that it would be a miscarriage of justice if he is not able to file said motion.

Wherefore, Plaintiff, prays that this Honorable COurt will grant him the opportunity to file the Motion In Opposition To Summary Judgment.

# CERTIFICATE OF SERVICE

I DEMETRIUS MCLAUGHLIN, hereby certify that a true and correct copy of the foregoing Motion For Extension of Time, has been placed in the authority hands pursuant to Huston vs. Lack, 487 U.S. 266, 101 L.ed 2d 845 (1988), is deemed filed at the time that it was delivered to the prison authority to be forward to the Court and service upon parties to litigation and/or their attorney's of record:

I placed the above-referenced material in a sealed envelope with first-class postage affixed, address to:

Kathleen A. McNabb
U.S. Department of Justice
1425 New York Ave. NW, Ste 11050
Washington DC 20530-0001

And deposited the seal envelope in the dorm Unit Officer hands at FCC Coleman USP-1 for collection and VIA the Postal Service on this 15th day of August 2008.

Respectfully Submitted

Dee & McJl

-3-



**U. S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

*P. O. Box 1023*
*Coleman, Florida 33521-1023*

August 1, 2008

**MEMORANDUM FOR INMATE POPULATION**

FROM: _____ S. A. Middlebrooks, Warden

SUBJECT: _____ Operations at FCC Coleman - Penitentiary # 1

As you are aware, on Tuesday, July 29, 2008, we had a serious assault within the institution. Due to the uncertainty of whether the matter was isolated, the institution was locked down and will remain locked down until I am satisfied this matter is resolved. As individuals who participated or played a role in the assault are identified, they will be removed from the population so that we can return to normal operation as soon as possible. However, until such time, I plan to take this opportunity to continue to conduct shakedowns, as well as make modifications involving security and construction.

In addition, we continue to identify homemade weapons that are being fabricated out of fencing material from the Recreation yard. For the safety of Staff as well as inmates, if we continue to experience destruction of recreation yard fencing, I will have no option but to impose additional restrictive procedures in the area of inmate movement and programing.

In closing, at this point and based off the information I have received, I have no plans to take further sanctions once the population returns to normal operation.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,

vs.                                        Civil No.07-2347(RMC)

DEPARTMENT OF JUSTICE,
EOUSA
        Defendants,
_____/

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION IN OPPOSITION TO SUMMARY
JUDGMENT AND FOR DECLARATORY JUDGMENT OR, IN THE  ALTERNATIVE  FOR
SUMMARY JUDGMENT.

        I, DEMETRIUS MCLAUGHLIN, being first duly sworn, deposed
and makes under oath that the following Affidavit pursuant to
28 USC§ 1746. That the subject of this Affidavit and the
statements set forth herein are true and correct in either on
the basis of my personal knowledge or on the base of information
present in the exhibits.

        1.) My names is Demetrius Mclaughlin, I am of legal age
and is competent to make this Affidavit is true and correct.

        2.) It is my sworn statement and a fact that a Grand jury
returned the charges in a two (2) count indictment naming
Plaintiff in both counts. As result of the Executive Office United
States Attorney presenting information for said charges. Exhibit
(A). Due to a traffic stop conduct by Pasco County Sheriff's
Office Detective, whom assigned to Drug Enforcement Administration
(DEA). That occurred on the 16th day of June 2002, on Old Lakeland
Highway. On or about the month of August 2003, Plaintiff, was
taken before a magistrate in which he pled not guilty to said

charges. The Court, appointed counsel filed the motion to suppress evidence due to the failure of prosecution to state the reason for the traffic stop. Days later counsel submitted a letter in the form of a request, requesting discovery pursuant to Rule 16 of the Fed.R.Crim.P., for the completed reports of Thompson. see exhibit (  ). Plaintiff, inform counsel that Thompson did not have probable to stop the vehicle, because no traffic infraction had occurred and that he the driver did not have outstand warrants for his arrest. The Counsel, was in form that after being stop that it was not until One-hour½ before to mask men show up to question him in regards to the material that was on the pick-up truck. That as a result of prosecution failure to release the reports and allowed Thompson to testify false at the suppression hearing. The EOUSA, has still to release the requested information and bring forth such said information that do exist. Such as the Pasco County Sheriff's Office Avaition Personal Reports Dep. Perez and Dep. Meiries and the Assistant that was abroad the helicopter on the day of traffic stop.

The EOUSA, has classify this to be public record information and has failed to release and has avoid the release. By sending the requested information the DEA office to release. Furthermore, the request was for any and all documents, records, information, so the EOUSA should have release such and has acted in badfaith in not releasing it.

3.) It is my sworn statement and a fact that the prosecution for EOUSA has committed a <u>Brady</u> and <u>Gigilo</u> violation. In failing to release the requested information, records, documents, and

to correct false tesimony. That the testimony of Thompson and Jeffries was false evidence. In the month of September 2007, after exhausting the criminal appeal process, the 28 USC§ 2255 motion was filed. Exhibit ( ). Which asserted in ground two (2) trial counsel was ineffective basically for failing to require prosecution to release the requested discovery by prior attorney whom had file. Ground (3) that Counsel failed to file for discovery under Rule 16 incompliance with <u>Brady</u>. That counsel failed to learn prosecution refusal to release the requested discovery that was requested by prior attorney. Exhibit ( ), ( ). It was further ask of the Court to hold the 28 USC§ 2255 inabynsis or stay pending the outcome of the FOIA compliant filed with this court, and that he was unable to present the facts to support the claim under Brady. The Claim in ground Eleven, counsel failed to object, preserve and appeal the denial of the Suppression hearing. That the objective basis provide by Thompson was base on a hunch. It was assert that as a result refusing to release the full report of Thompson or required him submitted a full report of July 16, 2002. He was able to doctor the report in regards of events that occurred. Here the DEA AND EOUSA hinder the attempts to present the truth of July 16, 2002, of the traffic stop. And Ground Twelve, trial counselor failed to argue, object and preserve prosecution misconduct in not releasing requested discovery and not correcting false testimony. Here the controversy exist that the EOUSA, refuse to release the requested records, documents, information. The reports of Detective Robert Jeffries is yet to be release. The DEA and EOUSA, has incorrectly place the Pasco County Sheriff's Office, documents, records, information

-3-

to be classify as public reports. When in fact such information, records, documents, in part of the agency record to the fact Detective assigned to DEA and testify to such fact. See  Exhibit( ).

4.) It is my sworn statement and a fact that in the month of September 2006, I submitted a request in the form of a letter requesting any and all documents, records, information in connection with the Indictment Number 8:03-CR-226-T-17MSS. The request was made pursuant to FOIA 5 USC§ 552 and PA 5 USC§ 552a. The controversy exist between Plaintiff and EOUSA, is the refusal to release the requested documents, records, and information. The EOUSA, on the 11th day of December 2006, construing the records to be public records and not agency records, is in correct doing so. Further requested that Appellant, should have to pay $70.00 dollars to pay for the record that has been recovered. Appellant, paid the $70.00 for records as requested that was recovered by EOUSA office. The office still did not release all of the requested documents, records, information.

5.) It is my sworn statement and a fact that in the month March 29, 2007, an appeal was filed by Plaintiff, objecting to the EOUSA, releasing 640 pages he would receive 200 pages, and that the agency was trying to extra charge him for the 1,000 pages that should be part of the original request. That he should have to re-submit another request for the 1,000 pages. That he never received from the agency the CD-rom or the prison Officals. Further appeal EOUSA, had not provide a Vaugh index for the records, documents, information that was held. Appealing the agency did not release the 1,000 pages. That now as the result

-4-

of filing another request for the record, documents, and
information that was use in prosecution and connect to the
Indictment. The EOUSA, has now uncover additional 3,000 page
of records, documents, and information in connection with the
criminal case. Here, Affidant, assert that the EOUSA has acted
in bad faith when not releasing the public information in regards
to the first request. That EOUSA, search was conduct in badfaith
as well when not recovering the additional 3,000 pages of public
records, documents and information in the first search. This
action of EOUSA, hinder Plaintiff, because he could have made
arrangement for the payment 1,000 and 3,000 page of documnets,
records, and information. Furthermore, EOUSA, acted in bad faith
when waiting until the complaint was filed to conduct a more
through search for such information, records, documents.

6.) It is my sworn statement and fact that on the 08th day
of May 2008, I submitted a letter in the form of a request. That
requested to be given and opportunity to make the payment for
the $300.00 dollar for the recover of 3,000 pages. That such
request was mail with a money order for the amount of $25.00
dollars to a Mr. William G. Stewart II, Assistant Director. See
exhibit ( ). That such request was explaining that he was unable
to pay the entire amount of $300.00 dollars and was asking to
be allowed to make payments. Here the EOUSA, contends that there
had been no attempt to make and payment for the documents,
records, and information. It is assert by Affiant the agency
has acted in bad faith in preparing the affidavit and Summary
judgment should be enter against them.

## CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a true and correct copy of the following documents:

> Plaintiff's Affidavit In Support of Motion In Opposition, Plaintiff's Statements of Material Facts as to which there is a genuine issue for trial, Plaintiff's Memorandum of points and authorities in support Plaintiff Motion for Declaratory Judgment or in alternative for Summary Judgment.

which pursuant to <u>Huston v. lack</u>, 487 U.S. 266,(1988), is deem to be filed at the time it was delivered to prison authority forwarding to the Court and service upon parties to litigation and/or their attorney of record.

I placed the above-reference material in a sealed envelope with first class postage affixed addressed it to:

Kathleen A. McNabb

U.S. Department of Justice

1425 New York Ave. NW, Ste 11050

Washington DC 20530

and deposited the envelope in the prisoner authority hand to be delivered for collection and mail via the U.S. Postal Service on this 15th day of August 2008.

Respectfully Submitted

*Demetrius McLaughlin*

Demetrius Mclaughlin

C/o 41297-018

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
___ day of _____, 20__

Case Manager

Authorized by the Act of July 7, 1955, as amended, to administer oaths (18 USC§4004.)

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,

vs.                                    Civil No.06-2347(RMC)

DEPARTMENT OF JUSTICE,
EOUSA
        Defendants,
_____/


PLAINTIFF'S MOTION IN OPPOSITION TO SUMMARY   JUDGMENT,   AND   FOR
DECLARATORY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT


        Pursuant to Fed.R.Civ.P. 8(a)(c), the moving Plaintiff hereby

moves this Honorable Court to grant the Motion In Opposition

To Summary Judgment. In the alternative, the Court is ask to

grant Declaratory Judgment and Summary Judgment in favor of the

moving Plaintiff, pursuant to Fed.R.Civ.P. 57 and 56, because

there exist a substantial controversy and a genuine issue for

trial and a substantial controversy exist, and Plaintiff is

entitle to judgment as a matter of Law[1]. The Court is respectfully

referred to the accompanying memorandum and to the statement

of material facts accompanying this motion.

_____

[1] Procedure for obtaining a declaratory judgment pursuant to
Title 28 USC§ 2201, shall be in accordance with these Rules,
and the right to trial by jury maybe demanded under the
circumstances and in the manner provided in Rule 38 and 39. The
existence of another adequate remedy does not preclude a judgment
ypt wcngltlbpt/ tcghcy hv nlmcm 4uctc hb hm lppropriate. The
Vpqtb fl/ ptwct mkccw/ uclthvz py lv lnbhpv ypt 1  ӽ/3xzx%wz¶
¢$½92q73 w7½ 1x¶ x½$x5/y j% w5 %2y /3x 5½yzd

    Article III of the Constitution limits federal courts to
deciding cases and controversies. Under this limitation,

Respectfully Submitted

Demetrius Mclaughlin
C/o 41297-018

---

declaratory judgment is available when an actual controversy
exists. An actual controversy exists where a substantial
controversy of sufficient immediacy and reality exist between
parties having adverties having adverse legal interest.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
        Plaintiff,

vs.                                    Civil No.06-2347(RMC)

DEPARTMENT OF JUSTICE,
EOUSA
        Defendants,
_____/


PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXIST A
CONTROVERSY FOR DECLARATORY JUDGMENT AND GENUINE ISSUE FOR TRIAL


        The Plaintiff, pursuant to local Rule 7(h), hereby submits
the following statement of material facts. The declaration of
Demetrius Mclaughlin, Plaintiff, is made pursuant to Title 28
USC§ 1746, that every statement in support of the material fact
is correct and true to the best of my knowledge and belief.

        1.) On the 23rd day of June 2003, the Grand Jury return
charges in a two Count indictment naming Plaintiff in count One
From on or about an unknown date, which was at least on or about
June 28, 2002, through and including March 20, 2003, in the Middle
District of Florida, and elsewhere. Find that Plaintiff, did
knowingly and Intentionally conspire and agree with each other
lvw pbu ( k c mpvm dpbu xvp4v bp buc ztln d jury, to manufacture
50 grams or more of methamphetamine. That Count Two, On or about
July 17, 2002, in Pasco County, in the Middle District of Florida,
the Plaintiff, did knowingly and Intentionally possess and
distribute pseudoephe dkyluf d wyvxu8 q/ujyqdw dv 8u2ylu8 yl Wyxwu
21 United States Code, Section 802, knowing and uljhvz tclmpvldgc

cause to believe that the listed chemical would be used to manufacture methamphetamine. Exhibit (A). Plaintiff, proceeded to trial after being indicted.

2.) On or about the month of September 2007, Plaintiff, file his Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, Under 28 USC§ 2255. In the Motion asserted that prosecution had failed to release Brady material and allowed a Giglio violation to occur. Exhibit (B).

3.) On or about the month September 2006, Plaintiff submitted letter in form of a request, requesting the U.S. Attorney for the Branch of Tampa at 400 N. Tampa Str. Ste. 3200, pursuant to FOIA 5 U.S.C.§ 552 and PA 552(a). The request was for any and all documents, RECORDS, policy and information that were used in connection with indictment of the case number 8:03-CR-226-T-17MSS. The same request was sent to the head office in Washington DC. at 600 E. Str. was sent exhibit (C) Tampa Branch, Exhibit (D) to Washington DC..

4.) By letter the Tampa branch responded by informed Plaintiff that his request had been received and was forward to FOIA Unit Executive Office for the United States Attorney in Washington DC. Exhibit (E). The Executive Office for United States Attorney responded on 10-23-2006, by stating the request has been received and assigned a number 06-3274. Exhibit (F). On the 11th day of December 2006, th e :Kgos 10$3w5j> c6%1041$$ that as a result of the complete searched. The search fee was $70.00 dollars, and that they had recovered 640 pages from the Tampa District and 1,000 pages of public records . And informed

Plaintiff that he had 30 days to pay the $70 dollars or the request would be closed. Exhibit (F).

3.) On the 14th day of January 2007, Plaintiff filed the appeal with EOUSA at 1425 New York Ave, Ste 11050, Washington DC. Stating the EOUSA has failed to release or produce any any documents records, information, or policies pursuant to FOIA and PA. Thereby, failing to meet the said requirement of the statute and the agency policy was arbitrary and capricious. Exhibit (F).

5.) On the 29th day of March 2007, Plaintiff file another appeal objecting that (1) out 640 pages he would receive only 200 pages or so of the 640 and (2) that the agency is trying to extra charge him for the documents that i kbu%ujgz bn71nfd n4h that any and all records. Which I should not have to re-submit another request. Exhibit (G). That Plaintiff, further object to the office response to his appeal on January 14, 2007, as well having to re-submit another request for public records, stating that they was within the first request.

6.) On the 24th day of April 2007, the EOUSA informed Plaintiff that the office of FOIA and PA was substantial back log and the appeal would be assigned a number 07-1174. On the 25th day of April 2007, EOUSA showing what page and how many w as exempt and the rea son ¦ʟ ;XE? ₤= ¯⁰*]!G

7.) On 30th day of May 2007, Plaintiff filed an appeal in compliance w ith FOIA and PA statute, stating that EOUSA had forward 41 pgs that had nothing to due with request. Furthering appealing that (1) the office had failed to provide vaugh index

of the documents that was withheld. And (2) the agency had failed to provide copies of the polices reports from July 16, 2002, and the surveillance reports. That (3) he was appealing the agency failure to release the 1,000 pgs as well the one (1) CD-Rom and cassette tape that is in possession of the agency. Exhibit (I). As directed by the agency, Plaintiff, filed another request in order to obtained the requested files. See attachment of exhibit (I).

8.) The EOUSA, on May 30, 2007, responded by letter stated that the office release records responsive to the request on the 25th day of April and that the appeal was moot. And stating for variety of reason requester do not wish to receive public records. That a new should be filed if Plaintiff wants to obtain the records.

9.) On the 07th day of December 2007, EOUSA, informed Plaintiff, that the agency was affirming EOUSA action 272 pages, one CD-Rom and one cassette tape to the Drug Enforcement Administration. And deny the request that the agency itemize and justify each item of information withheld. Exhibit (K).

10.) On the 14th day of April 2008, EOUSA, informed Plaintiff, that it has recovered 3, 178 pgs of public documents and provide thirty (30) days to pay for the search at cost $300.00 dollars. Exhibit (L).

11). On the 08th day of May 2008, Plaintiff, submitted a request by way of letter to Mr. William G. Stewart II. the Assistant Direct. Plaintiff, stated that he was financial unable to pay the total amount all at once, but was willing to make payments . Exhibit (M). Plaintiff, sent a twenty-five $25.00 dollar moneygram to the said agency. Exhibit (N).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMETRIUS MCLAUGHLIN,
          Plaintiff,

vs.                                    Civil No.06-2347(RMC)

DEPARTMENT OF JUSTICE,
EOUSA
          Defendants,
_____/


MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF MOTION
IN OPPOSITION TO SUMMARY JUDGMENT AND FOR DECLARATORY JUDGMENT OR,
           IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT


     The Plaintiff, brings this case pursuant to the Freedom

of Information Act (FIOA), 5 USC§ 552, and the Privacy Act (PA),

5 USC§ 552(a), and pertains to Defendants failure, to properly

process the request and release requested of any and all records,

documents, and information. The declaration of Plaintiff,

Demetrius Mclaughlin, will explain the scope of the request and

the failures of Defendants in the response. As well as the

controversy that exist between Plaintiff and Defendant.

Accordingly, Defendants Motion to Dismiss and Summary Judgment

should be denied.

I. STATEMENT OF FACTS

     Plaintiff incorporates herein as its Statement of Facts

the Statement of Material Facts that Exist a Genuine Issue For

Trial.

## II. ARGUMENT

THE COURT SHOULD GRANT THE MOTION IN OPPOSITION TO SUMMARY JUDGMENT AS A MATTER OF LAW DUE TO BADFAITH ON DEFENDANT IN SUBMITTING ITS DECLARATION AND FAILING TO FULFILL RESPONSIBLE PURSUANT TO FOIA AND PA.

A. OPPOSITION TO DISMISS & SUMMARY JUDGMENT

The Court, held that a party opposing summary judgment may not rest on merely allegation contained in the pleading but must set-forth facts and support by summary judgment evidence, specific facts showing the existence of a genuine issue for trial. Fontenot ex rel Fontenot v. Cage (In re Cage) 2007 Bankr. lexis 2057: 6-28-07.

In the instant case, Plaintiff, assert that it is a fact that in the original request submitted by him on the 16th day of September 2006. The request, requested any and all records, documents and information in regards to said Indictment 8:03-CR-226-T-17MSS. As well as to the traffic stop conducted by Pasco County Sheriff Office. See exhibit (C) and (D).

The request, did include the Public Records, that would consist of (1) the Pasco County Sheriff's Office documents, records, and information. Due to the fact that Detective/Agent Thompson testified as being assigned to the Drug Enforcement Administration (DEA). This qualifies such said records, documents and information to be agency records. And (2) include (a) Criminal Case Bonding Information (b) Commercial Bond Certification (c) Noted Criminal Case Bonding and/or the Bonds which secured the financing and/or the pledge for the financing of the Criminal Case and/or Indictment number mention above (d) Certified true

and correct copies of the Bonds and identification numbers (e) Certified indication of the amount secured per Bond per each offense charged (f) Committee Uniform Security Identification Procedures (CUSIP) Bond & Bid Bond, Performance Bond, Payment Bond and Recognizance Bond (g) which government body and/or whom or what persons i.e. corporations companies, associates, firms, partnerships, societies, joint stock companies, individuals and/or officers (i) Secured the Bonds (ii) hoilding the Bonds.

The Bonding information is Public Records and is no longer accord exempt status unless under specific exemptions noted, and only with reference to specific citation of authority, <u>Nemetz</u> <u>v. Department of the Treasury</u>, 466 F.Supp. 102 (1987), <u>Akins</u> <u>v. Federal Election Com'n</u>, 101 F.3d 1033, (1998).

As in <u>Morgan v. Federal Home Loan Mortg. Corp.</u>, the Court held, that a non-moving Movnat Motion in opposition must be supported by Affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. 172 F.Supp 2d 98, Columbia, 2001.

In Rule 56(e) of the Fed.R.Civ.P. states that non-moving Movant must provide evidence that would permit a reasonable jury to find in his favor. And if the evidence is <u>merely</u> <u>colorable</u> or is not <u>significantly</u> probative, summary judgment may be granted. That the burden is on the adverse party to show the evidence of a factual dispute, is not fulfilled merely by asserting that a genuine issue exist for trial. That the requirement of Rule 56(e) is that an affiant have personal knowledge and be competent to testify to the matters asserted

in the affidavit also means that an affidavit hearsay assertion that would not be admissible at trial if testified to by the affiant is sufficient to create a genuine issue for trial. <u>Raia v. III. Tool works Ind.</u>, 2007 U.S. Dist lexis 93991.

In <u>Torname v. Phair</u>, the Court, held that a Motion In Opposition to Summary Judgment and the accompanying affidavit do not present any factual issue that would prevent grant Summary Judgment in a case then Summary judgment must granted. 1981 U.S. Dist. lexis 15542.

Whereas, Appellant, contends that his Motion In Opposition To Summary Judgment. That the evidence present to support the Motion In Opposition, would allow a reasonable jury to find in his favor. That (i) the Public Records were within the original request of September 16, 18, 2006, pursuant to FOIA 5 USC§ 552 and PA 5 USC§ 552a. And that the Public Records is agency records, documents, and information that allowed the prosecution to bring forth evidence to indict an convict. That the testimony of Detective/Agent Thompson support that such evidence were DEA and EOUSA agency records. And (a) the Administration Process was exhaust in regards to the September 16, 18, 2006. As well as the May request for the Public Records. See Statements of Material Facts and Affidavit in Support of said motion. That (ii) the EOUSA during the prosecution of Plaintiff never release the now reqested records, documents, and information to the Plaintiff or Defense. And that EOUSA has acted releasing the requested records, documents, and information.

-4-

But instead the EOUSA release the requested documents to DEA, instead to Plaintiff. This evidence would be admissible at trial and in this Motion In Opposition. As in Cosme Rosado v. Serrano Rodriguez, 196 F.Supp.2d 117 (1st Cir. 2002).

And (iii) the affidavit submit are base on evidence of personal knowledge. And Plaintiff has demonstrated that his competent to testify to the matter asserted in the affidavit. That such assertion could be admissible in trial if was require to testify.

In Tooley v. Bush, the Court, held that in the FOIA context de novo review requires the court to ascertain whether the agency has sustained its burden of demonstrating that the documents requested are not agency records or exempt from disclosure under FOIA. 2006 U.S. Dist. lexis 92274.

Further stated in Tooley, supra, that a Motion to Dismiss Pursuant to Federal Rule of Civil Procedural 12(b)(1). That in general a motion to dismiss should not prevail unless Plaintiff's can prove not set facts in support of the claim that would entitle them to relief. citing Kowal v. MCI Communs. Corps.,305 U.S. App. D.C. 60, 16 F.3d 1271 (D.C. Cir. 1994).

Therefore, Appellant, ask this Court to grant the Motion In Opposition To Summary Judgment, in favor of Plaintiff. Whereas, the Defendant has not met the burden of proving that the requested records, documents, and information is exempt under FOIA.

B. DECLARATORY JUDGMENT.

The Supreme Court in, Axis Reinsurane Co. vs. Melancon,

held that Declaratory Judgment Act created an opportunity, rather than a duty to grant a new form of relief to qualifying litigants, a district court is authorized in the sound exercise of its discretion to stay or to dismiss an action seeking a declaratory judgment before trial. 2007 U.S. Dist. Lexis 6217.

In Carr Hum Investors LLC v. Arizona, the Court, held that pursuant to the Declaratory Judgment Act, codified at 28 USC§ 2201, in a case of actual controversy within its jurisdiction. That any Court of the United States may declare the rights and other legal relations of any interested party seeking such declaration. 2007 U.S. Dist. lexis 91526.

The Court, in Carr Hum Investors LLC, supra, further stated that the propriety of judgment pursuant to section 2201, the court must first determine whether there is an actual case or controversy within its jurisdiction using the same analysis as that used to analyze the case or controversy requirement of Article III. citing Ameria States Ins. Co. vs. Kearns, The Court lacks subject matter jurisdiction over the matters if the claims are not ripe, i.e. if there is no case or controversy. 15 F.3d 142 (9th Cir. 1994).

Wherefore, Plaintiff, ask this Honorable Court to enter the Order granting the request for Declaratory Judgment. In finding that (1) The FOIA and PA request that was submitted in the month of September 16, 18, 2006, that was mail to the EOUSA. The EOUSA, has failed to meet the requirement of the statute under FOIA and Pa. That the request is apart of this complaint that is ripe for resolution or to be resolved. That (a) there

do exist and controversy in regards of whether the Public Records is agency records, documents and information. That (b) whether Plaintiff should have to pay for the requested documents, records and information that was part of the original request. America States Ins. Co., supra, 15 F.3d 142 (9th Cir. 1994).

And (2) this Court has the discretion and authority to enter the Order of Stay of the Plaintiff, Motion Under28 USC§ 2255 To Vacate, Set Aside, or Correct Sentence. This Court, jurisdiction does extend to such as the District Court of Middle District of Florida Tampa Division. As in Carr Humm Investor LLC v. Arizona, supra here in the instant case exist an actual controversy as to the an Agency withholding Execulpatory Evidence under Brady. In Edmond v. U.S. Attorney:    —    :    —

reports of Detective Robert Jeffries, Dep. Perez and Dep. Meiris the Pilots of the Pasco County Sheriff's Office Aviation Unit. and the unexplain exemption of DEA Tom Leo as to Det./agent Thompson revealing the event of the traffic stop in questioning. 959 F.Supp 1,(D.C. 1997). The Court, jurisdiction pursuant to 28 USC§ 2201 of the Declaratory Judgment Act. 2007 U.S. Dist. lexis 91526.

C. SUMMARY JUDGMENT.

The Court, stated in West v. Costen, in deciding whether summary judgment is appropriate the court may discover specific factual disputes that have not been asserted by either party. 558 F. Supp 564,(4th Cir.1983).

Fed.R.Civ.P. 56(a) and (b), authorize either party to for summary judgment in his favor upon all or any part of a claim

by a claimant or a defending party. That a summary judgment may be granted as to one or more claims and denied as to others.

A Court, held in Fitepatrick v. Consolidated Rail Corp., Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. 1991 U.S. Dist. lexis 5151.

In the instant case, Plaintiff, filed the request on the 16th an 18th day of September 2006, for any and all records, documents, and information in connection to his criminal case number, as well to the traffic stop conduct on July 16, 2002. In Neal v. Manpower Int'l Inc., the Court, stated that the substantive law will identify which facts are material and which are irrelevant. Anderson 447 U.S. at 248,. An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. 2001 U.S. Dist. lexis 25805.

Here, the Defendant, informed Plaintiff, that public records had been recover that pertain to his request and that he would have to file another request to obtain the records, documents and information. Plaintiff, did appeal this decision of the defendants, stating that he should not have file another request. As in Tooley v. Bush, supra, Plaintiff, states that the Defendants had not carry or sustained the burden of demonstrating that the documents requested are not agency records or exempt from disclosure under the FOIA.

As in Anderson v. Liberty lobby Inc., here the Court, could find that there is a dispute issue of material fact and that

-8-

there exist a genuine issue for trial. 477 U.S. 242, (1986). Here the Defendants failed to disclose the public records that is consist with the original request. That Plaintiff, have exhaust his administrative remedy, in regard to both request. That Plaintiff, has made an attempt to make payment for the requested records, documents and information.

Unlike <u>Laningham v. U.S. Navy</u>, Plaintiff, does contends that the said action of the Defendant in releasing the requested records, documents, and information, that was reportly to bepublic records was conduct in badfaith. That such action does violates Plaintiff rights to know why the said records, document was exempt from disclosure. That Defendant action was without grounds to believe that public records did not qualify as FOIA material. 259 U.S. App. D.C. 1986.

Therefore, Plaintiff, ask this honorable court to grant summary judgment in his favor and grant the relief of requiring the Defendants to release all requested records, documents, and information to the Plaintiff.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN

-9-

## CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a true and correct copy of the following documents:

> Plaintiff's Statements of Material Facts as to which there is a genuine issue for trial, Plaintiff's Memorandum of points and authorities in support Plaintiff Motion for Declaratory Judgment or in alternative for Summary Judgment.

which pursuant to <u>Huston v. lack,</u> 487 U.S. 266,(1988), is deem to be filed at the time it was delivered to prison authority forwarding to the Court and service upon parties to litigation and/or their attorney of record.

I placed the above-reference material in a sealed envelope with first class postage affixed addressed it to:

Kathleen A. McNabb

U.S. Department of Justice

1425 New York Ave. NW, Ste 11050

Washington DC 20530

and deposited the envelope in the prisoner authority hand to be delivered for collection and mail via the U.S. Postal Service on this 15th day of August 2008.

FCC Coleman, Florida  Sumter County

Subscribed and sworn before me this
2__ day of ___ , 20 0_8

_____
Case Manager

Authorized by the Act of July 7, 1955, as
amended, to administer oaths (18 USC§4004.)

Respectfully Submitted

_Deet. M&P._
Demetrius Mclaughlin
C/o 41297-018

— _10_ —

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



UNITED STATES OF AMERICA          :

v.                                :   CASE NO.   8:03-cr-⟨⟩-T-17 mss
                                                  21 U.S.C. 846
JAMES EDWARD HOWZE, JR.,          :                21 U.S.C. 841(c)(2)
    a/k/a "Fast Eddie",                            21 U.S.C. 853 - Forfeiture
JASON WAYNE MEYER,                :                26 U.S.C. 5861(d)
TERESA DEE SUTTON,                                 26 U.S.C. 5871
DONALD UNDERWOOD, and             :                26 U.S.C. 5872- Forfeiture
DEMETRIUS MCLAUGHLIN                                26 U.S.C. 2461(c) - Forfeiture
    a/k/a "Deke"                  :

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From on or about an unknown date, which was at least on or about June 28,

2002, through and including March 20, 2003, in the Middle District of Florida, and

elsewhere, the defendants,

JAMES EDWARD HOWZE, JR.,
a/k/a "Fast Eddie";
JASON WAYNE MEYER,
TERESA DEE SUTTON,
DONALD UNDERWOOD,
and
DEMETRIUS MCLAUGHLIN,
a/k/a "Deke",

did knowingly and intentionally conspire and agree with each other, and other persons

both known and unknown to the grand jury, to manufacture 50 grams or more of

methamphetamine, its salts, isomers, and salts of its isomers, a controlled substance,

in violation of Title 21, United States Code, Section 841(a)(1),

All in violation of Title 21, United States Code, Sections 846 and

841(b)(1)(A)(viii).

## <u>COUNT TWO</u>

On or about July 17, 2002, in Pasco County, in the Middle District of Florida, the

defendants,

**TERESA DEE SUTTON,**
**and**
**DEMETRIUS MCLAUGHLIN,**
**a/k/a "Deke",**

did knowingly and intentionally possess and distribute pseudoephedrine, a listed

chemical as defined in Title 21, United States Code, Section 802, knowing and having

reasonable cause to believe that the listed chemical would be used to manufacture

methamphetamine and a mixture or substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in a manner not authorized by

Title 21, United States Code, Sections 801 through 904,

In violation of Title 21, United States Code, Section 841(c)(2) and Title 18,

United States Code, Section 2.

2

(Rev. 12-04)

## Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

### (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

## See attachment for address

9. **CAUTION:** You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District OF THE MIDDLE OF FLORIDA | |
|---|---|---|
| Name (under which you were convicted): DEMETRIUS MCLAUGHLIN | | Docket or Case No.: 8:07-CV-1770-T-17MSS |
| Place of Confinement: FEDERALCORRECTION COMPLEX COLEMAN USP-1 | | Prisoner No.: 41297-018 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) | |
| v. DEMETRIUS MCLAUGHLIN | | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TAMPA FLORIDA DIVISION  SAM M. GIBBONS US COURTHOUSE 801 N. FLORIDA AVENUE TAMPA FLORIDA

   (b) Criminal docket or case number (if you know): 8:03-CR-226-T-17MSS

2. (a) Date of the judgment of conviction (if you know): March 03, 2004

   (b) Date of sentencing: December 03, 2004

3. Length of sentence: Mandatory Life and 20yrs. to run concurrent.

4. Nature of crime (all counts): Count One with Conspiracy to Manufacture Fifty gram or more of methamphetamine in violation of 21 USC 841(a)(1), 846 and 841(a)(1)(A)(viii); and in Count Two with possession and distribution of pseudoephedrine, a listed chemical defined in 21 USC 802, while knowing that it would be used to manufacture methamphetamine in a manner not authorized 21 USC 801, 904 in violation 21 USC 841(c)(2).

5. (a) What was your plea? (Check one)

   (1) Not guilty ☒      (2) Guilty ☐      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

   _____

   _____

   _____

   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☒      Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐      No ☐

8. Did you appeal from the judgment of conviction?                    Yes ☒        No ☐

9. If you did appeal, answer the following:

    (a) Name of court: UNITED STATES COURT OF APPEALS ELEVENTH CIRCUIT

    (b) Docket or case number (if you know): 04-06552-BB

    (c) Result: Denied

    (d) Date of result (if you know): May 23, 2006

    (e) Citation to the case (if you know): NO.

    (f) Grounds raised: THE TRIAL COURT ERRED IN ALLOWING THE GOVERNMENT TO PRESENT
    EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b). II. THE TRIAL COURT
    ERRED WHEN IT SENTENCE MCLAUGHLIN ACCORDING THE FEDERAL SENTENCING
    GUIDELINES THAT IMPROPERLY INCLUDE ENHANCEMENT FOR PRIOR CONVICTIONS
    THAT WERE NEITHER ADMITTED TO NOR PROVEN TO A JURY BEYOND A REASON
    DOUBT. III THE COURT ERRED WHEN IT DENIED MCLAUGHLIN MOTION FOR JUDG
    MENT OF ACQUITTAL EVIDENCE INSUFFICIENT TO SUPPORT THE JURY VERDICT.

    (g) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☒ No ☐

        If "Yes," answer the following:

        (1) Docket or case number (if you know): 06-6142

        (2) Result: Denied

        (3) Date of result (if you know): October 03, 2006

        (4) Citation to the case (if you know): NO.

        (5) Grounds raised: _____

        _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications
    concerning this judgment of conviction in any court?

    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: N/A

        (2) Docket or case number (if you know): N/A

        (3) Date of filing (if you know): N/A

        (4) Nature of the proceeding: N/A

        (5) Grounds raised: N/A

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ❑  No ☒

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ____N/A____

(2) Docket or case number (if you know): ____N/A____

(3) Date of filing (if you know): ____N/A____

(4) Nature of the proceeding: ____N/A____

(5) Grounds raised: ____N/A____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ❑  No ❑

(7) Result: ____N/A____

(8) Date of result (if you know): ____N/A____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:        Yes ❑  No ❑

(2) Second petition:    Yes ❑  No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:
____N/A____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Counsel's provide inadequate pre-trial an trial preparation, due to indifference assistance denied Movant of effective assist violated 5th 6th of U.S.Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On or about February 27, 2004, Court appointed Grady Irvin Jr., as Counsel. Mr. Irvin met without Movant and requested the name and phone number my mother. On or about the 28th day of February, counselor contacted Movant Mother by phone. During the phone conversation counselor requested additional funds in the amount of $60,000 dollars to represent and investigate, preparation of his defense. During the call counselor was informed that he would be unable to met the requested amount. Counselor made no further attempts to contact Movant or his family and witnesses to further discuss the case.

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐ No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Claim was not raise on appeal due to the fact I was denied effective assistance of trial and appellate counsels, for failing to preserve and argue the claim.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: N/A

    Name and location of the court where the motion or petition was filed: N/A

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐ No ☐

Page 6

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:___N/A_____

_____

Docket or case number (if you know):___N/A_____

Date of the court's decision:____N/A_____

Result (attach a copy of the court's opinion or order, if available):____N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue: ___N/A_____

_____

_____

_____

_____

**GROUND TWO:** _Counsel's failure to object file an request of Court for a continuance_
_to consult, investigate, interview witnesses; denied Movant affective assist, violate 5th 6th of U.S.Const._

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _The Counsel's_
_made no-attempt to request of the Court for a continuance to consult with Movant. Counsel_
_did not investigate due to his failure to adequately consult with Movant. Counsel did not_
_interview Ms. Sandra Brown, Mr. James Hower Jr., Mr. Richard Daniels or Deputy Perez, Deputy_
_Meris, and prior Counselors. Counsel failed to require prosecutor to release the requested_
_discovery. See exhibit (B)(C). Counsel failed to investigate the reports of the Aviation_
_Unit See exhibit (D) and reports of other officers. See exhibits (E)(F), and (G)(H)(I)._

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ☒☒

(2) If you did not raise this issue in your direct appeal, explain why: _Cliam was not available on appeal_
_due to Appellate Counsel rendered ineffective assistance in refusing to raise the cliam._

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __N/A__

Name and location of the court where the motion or petition was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A__

**GROUND THREE:** Counsel's failure to file for discovery under Rule 16 incompliance with Brady denied Movant effective assistance violated the 5th 6th Amend of U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel failed to file any pre-trial and/or trial discovery under Rule 16. Nor did counsel request for

Page 8

discovery in compliance with Brady. Counsel did not learn of prosecutor refusal to release the requested discovery by prior of favorable evidence. Counsel did not receive any discovery prior to the suppression hearing, see exhibit (J)(K). Movant, is unable to present the facts of the favorable material under Brady to support the claim, until the resolution of FOIA Compliants that are pending. That is before the Federal District Court of Columbia Washington DC. The Court is ask to Grant the Motion For Stay or Hold in Abynsis.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Claim was not raise on appeal due appellate counsel failure to and refusal to argue the claim.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): ___N/A_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: ___N/A_____

_____

_____

_____

_____

**GROUND FOUR:** Counsel's failure to file a motion of in limine and stipulate to the use of prior conviction denied Movant effective assistance violated 5th 6th Amend of U.S. Const.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On or about February 17, 2004 the prosecutor files its motion of Notice of Intent to use the prior drug conviction against Movant. The prosecutor file a second Notice of Intent on the 3rd March 2004. Counsel was well aware of prosecutor intent to use the prior convictions against Movant. This also included testimony of the Det. Thompson who made the arrest in and participate in the instant case. Counsel made no attempt to file a motion of in limine and stipulate to prevent such use and mentioning of testimony before the jury. In the regard of the use of the prior convictions.

_____

**(b) Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ☒xx

    (2) If you did not raise this issue in your direct appeal, explain why: I was denied effective assistance of trial counsel for failing to argue and object an preserve for appeal. As well being denied of effective assist of Appellate Counsel for refusing to argue and raise the claim.

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ☒x

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ___N/A_____

Name and location of the court where the motion or petition was filed: ___N/A_____

_____

Docket or case number (if you know): ___N/A_____

Date of the court's decision: ___N/A_____

Page 9-b

## ADDITIONAL GROUNDS FOR RELIEF

GROUND FIVE: Counsel's failure to object, argue and preserve the issue of the prosecutor and Court Constructively Amending the Indictment, denied Movant of effective assistance, violated the 5th 6th Amendment of the U.S. Constitution.

Supporting Facts: Counsel allowed the prosecutor and the Court to Amend the Grand jury Indictment. The Grand jury returned the Indictment that charged Movant with **Knowingly** and **Intentionally**, not Knowingly and Willfully as to the prosecutor and the Court charged to the jury. In relevant Counts One and Two charged Movant with: Count One; from on or about an unknown date, that was at least on about June 28, 2002, through and including March 20, 2003, in the Middle District of Florida and elsewhere did **Knowingly** and **Intentionally**" conspire to and agree with each other an person both known and unknown to the Grand jury, to manufacture Fifty (50) grams or more of meth, its salts, isomers, in violation of Title 21 USC § 846, 841. Count Two; On or about July 16, 2002, in Pasco County in the Middle District of Florida the Defendants **Knowingly** and **Intentionally** possess and distribute pseudophedrine a listed chemical as define in Title 21 USC Section 802 knowing and having reason to believe that the list chemical would be used to manufacture meth.

Direct Appeal of Ground five: No.

Post-Conviction Proceeding: No.

Ground Six: The Cumulative Effect of counsel's errors denied Movant of effective assistance and a fair trial violated the 5th 6th Amendment of the U.S. Constitution.

Continuance            Page 9_C

Supporting Facts: Movant maintains that the trial counsel errors
had and cumulative effect on his trial. That denied him effective
assistance of counsel, violate the 5th 6th Amendment of the right
to a fair trial as well to the proceeding. Wherein, trial counsel
(1) provide inadequate pre-trial and trial preparation; (2) failed
to file and/or request for a continuance to consult, investigate,
interview witnesses; (3) fail to file for discovery pursuant to Rule
16 in compliance with Brady; (4) fail to file the motion in limine
and stipulate to use of the prior drug conviction; (5) fail to object
argue and preserve the issue of prosecutor and Court constructively
Amended the Indictment.

Direct Appeal of Ground Sixth: No.
Post-conviction Proceeding: No.

GROUND SEVENTH: Sentencing and Appellate Counsel, fail to present and
argue that prosecutor and Court's error in amending the Indictment
during arguments and jury instruction, denied Movant effective assist
violated the 5th 6th Amendment of the U.S. Constitution.

Supporting Facts: The record clearly reflected that in counts of One
and Two of the Indictment Movant was charged with **Knowing** and **Intent-
ionally** conspired to manufacture meth, and distributing pseudoephrine.
( As showed in ground Five, supra in the instant petition). The record
also reflected that the Court gave the jury instruction that changed
the element of the offense. Instead of the Court instructing the
jury of the **Knowingly** and **Intentionally**" elements of the indictment
the Court instructed the jury on a different element that the element
of the crime was that Movant **Knowingly** and **Willfully** committed the

Continuance                        Page 9-D

offense. The record also reflected that the closing argument of

the prosecutor argued to the jury that the element of the offense

was that the Movant <u>Knowingly</u> and <u>Willfuly</u> committed the crime.

Direct Appeal of Ground Seventh: No.

Post-Conviction Proceeding: None.

Reason for claim not raise on Direct Appeal: Due to Counsel failure

to object and raise on appeal is due to in-effective assitance.

<u>GROUND Eight:</u> Sentencing and Appellate Counsel failure to investigat

and file objection under §851(c) to challenge the validity of the

prior drug convcition and raise on appeal Movant of effective assist

ance violated the 5th 6th Amendment of the U.S. COnstittion.

<u>Supporting Facts:</u> Movant informed counselor Athan that he did not

knowing and voluntary plead guilty to the crime of sale and possessi

of cocaine in the Florida Case Number 01-4574-CFAES. That was under

impression that the charged had been dismissed pursuant to the plea

agreement . See exhibit (M). Counselor, refused to investigate

and argue the issue before the sentencing Court and appeal or object

pursuant to § 851(c).

Direct Appeal of Ground Eight: No.

Post-Conviction Proceedings: None.

Reason for claim not raise on appeal: Due to Counsel failure to

object and argue the issue. Is due to in-effective assistance.

<u>GROUND Nine:</u> Sentence and Appellate Counsel failed to investigate

object and argue on direct appeal that the prior drug conviction

did not qualify as two or more prior conviction for purpose of

Continuance          Page 9-E

a mandatory life or life sentence under 21 USC §841(a)(1)(b)(viii),
because they arose out of a single criminal episode, violated the
5th 6th Amendment of U.S. Constition.

Supporting Facts: Sentence and Appellate counsel fail to object
and investigate an argue that the prior drug conviction, was one
a     conviction that arose out of one arrest, one investigation
see exhibit (N) police report. Counsel failed to object to probation
officer report, see exhibit (O). That the case number were all
on one score sheet, see exhibit (P). That the case numbers arose
from one episode.

Direct Appeal of Ground Nine: No.

Post-Conviction Proceeding: None

Reason for claim not raise on appeal. Is due to ineffective assistance
sentencing and appellate counsel, refusing to argue and present
the claim.

GROUND Ten: Sentence and Appellate counsel failed to investigate
and object to the use of Non-Qualifying Drug Trafficking Offense,
prior conviction constitutionally flawed for the purpose of enhance-
ment, denied Movant effective assistance violated the 5th 6th Amendment
of the U.S. Constitution.

Supporting Facts: Sentencing and Appellate counsel conduct no invest
igation as to whether prior drug conviction constituted qualifying
serious drug offense under 18 USC§ 3559(c)(4), for the purpose of
imposing a mandatory life sentence. Nor had counsel object and appeal
the Court failure to adequately hold the §851 hearing for the prior
drug conviction.

Continuance                    Page 9-F

Direct Appeal of GrounD Ten: No.

Post—Conviction Proceeding: None

Reason for claim not raise on appeal: Is due to ineffective assistance
of trial counsel as well appellate counsel.

GROUND ELEVENTH: Trial counsel failed to object, preserved and appeal
the denial  of the Suppression hearing denied Movant of effective
assistance violate the 5th 6th Amendment of the U.S. Constitution.

Supporting Facts: In the month of August 2003, counselor, Brian Weak
land file the Motion to suppress the evidence seized on the 16th
day of July 2002. That the objective basis provide by Detective Thompson
was base on a hunch and not reasonable suspicion. That Thompson had
provide false testimonial evidence during his testimony. The Court
held the traffic stop find that it was and legal stop. Counsel made
no attempt to object that the was not base on valid objective basis
but and hunch.

Direct Appeal: NO.

Post—Conviction Proceeding: None.

Reason for claim not raise on direct appeal: Due to ineffective assist
ance of counsel.

GROUND TWELVE: Trial counsel failed to argue, object and preserve
prosecution misconduct in not releasing requested discovery and not
correcting false testimony denied Movant effective assistance, violate
the 5th 6th Amendment of the U.S. Constitution.

Supporting Facts: On the 16th day of September 2003, counselor Brian
weakland requested from the prosecution the complete report of Det.
Thompson from July 16, 2002, in regards to the traffic stop. Counselor

Continuance                Page 9-G

James Garbett requested information from the prosecution in regards
to all the officer that was involved in the traffic stop on July
16, 2002, as well of other information. The requested information
was never released as requested. The Prosecution refuse to correct
the false testimony of the Detectives Thompson and Jeffrey as well
as James Hower Jr. at trial and the suppression hearing. The reqeste
evidence was not release before the suppression hearing. See exhibit
(  ).


Direct Appeal: No.

Post-Conviction Proceeding: None.

Reason for not raise claim on direct appeal: Ineffective assistance
of counsel.

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court?  If so, which

    ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the

    judgment you are challenging? Yes ❑  No ❑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

    issues raised. _____

_____

_____

Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

_____

(b) At arraignment and plea: _____

_____

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

_____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ❏ No ❏

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ❏ No ❏

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?          Yes ❏ No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This Motion is timely because it was filed within the one
year limit of the last appeal. That would be the Writ of
Certiroria to the Supreme Court of the United States.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, movant asks that the Court grant the following relief: To be provide the above
Approtiate remedy and relief is to reverse the conviction
and dismissed the indictment against Movant...

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this
Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this
motion. _____
_____
_____

\* \* \* \* \*

FROM:DEMETRIUA MCLAUGHLIN
      REG#41297-018
      FCC COLEMAN-USP
      P.O.BOX 1033
      COLEMAN,FL,33521-1033


TO:FREEDOM OF INFORMATION OFFICER
   UNITED STATES ATTORNEY
   400 N.TAMPA STREET. SUITE 3200
   Tampa,FL,33602


        Dear..:Sir,Ms

         This letter serves as my request pursuant to the prov-
ision of the Freedom of Information Act(5U.S.C.§552 and Privacy
Act (5U.S.C.§552a(d)(1)and applicable to state statute governing
the Freedom of Information Act request.

         Please send me copies of any and all documents records
policy and information that were used in connection with the indi
ctment of this case number 8:03-CR-226-T-17MSS and the prosecutio
of said case number. This includes and not limited to the trial
that were conducted  on the case number of the requester. Which
is result of a ongoing investigation that were conducted by Pasco
County Sheriff's Office Detective and Deputies and the Drug
Enforcement Agency (DEA) 0f the Middle District of Florida Tampa
Division which join and participated in the investigation of
the illegal manufacturing of methamphetmine in the area of Pasco
County on or approximately May,2002,through March 2004.This
request is sought specifically for mendment,deletion and or
expungement (5U.S.C.§552a)(d)(2)a of records maintained by your
agency. The records sought but limited to is the compiled filein
case # 8:03-CR-226-T-17MSS containing.

         1) Requesting any and all documents records,information
and policy of the requirement of the Herndo Sheriff's Office
Narcotic Detective for assisting other Law Enforcement agency.
This includes but not limited to the information gather from the
assistance that were given on this investigation.


         2) This includes copies of any and all documents,record
and information policy that were connected to the surveillance that
used and its equipment such as the Aviation Unit of the Pasco county
helicopter,flightplan,signin sheet sign out sheet and the Aviation
sheet on months of July 16,02 times 5pm 8pm,and August 10,02 times
4pm 8pm.

         3) This includes copies of any and all documents records,
policy sand information on holding tape recording of radio communic-
ation and the making of radio transcripts in connection with a
investigation this includes the communication for July 16,02 of the

investigative stop conducted by Pasco County sheriff Office Detectives of Requester. This is not limited to any photo that were taken.

4) Requesting any and all copies of documents,records,policy, and information in connection with the traffic stop conducted by Pasco County Sheriff's Office Detective and its Deputies on July 16,02 of Requester on Old Lakeland Highway Road North of Lynnbrook. Which were part of the investigation .

5)Requesting any and all copies of documents,records,information and policy on the collecting of evidence and the destroying of the evidence in case No:8:03-CR-226-T-17MSS.This includes the photos that were taken of any said evidence.

6)Requesting any and all copies of documents,records,information and policy of the taking notes,reports,memorandums,in connection,to the on going investigation. This would include notes,logs,and reports that were taken on July,16,02 of the surveillance that were conduct durning the investigation.

7)This includes any and all documents,records,information,and policy on the closing of a investigation in this case No.8:03-CR-226-T-17MSS such as final reports,notes, and photos of said evidence.

8)This includes any and all documents,records,and information in connection to the interview,reports,that were conducted and complete by the agencies and the policy on such steps of the course of the investigation through May,2002 to March,2004.

As you know,the Freedom of Information Act provides that a portion of a document are exempt from release the remainder must be segregate and disclosed.Therefore, I will expect you to send me all nonexempt portion of the record which I have requested and ask that you justify any deletion with reference to specific exemption of FOIA. The information requested is not to be used for commercial benefit so I do not expect to be charge fees for your review of the mmaterial to see if it falls with in one of FOIA"s exemptions.

I promise to pay for search and duplication cost in connection withe request.However please notify me ahead of time if you estimate that the total of fees will exceed $25 so I can approve the additional amount.

[2]

7. This is to include any an all documents records and information in connection to the interviews, reports completed by this agency in the course of the investigation through May, 2002 to March, 2004.

## CERTIFICATE OF SERVICE

I do, hereby certify that a copy hereof has been furish by U.S. Mail to the above address this _16_ day September, 2006.

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
FCC COLEMAN-USP
P.O.BOX 1033
COLEMAN,FL,33521-1033

FROM: DEMETRIUS MCLAUGHLIN
      REG# 41297-018
      FCC COLEMAN-USP
      P.O.BOX 1033
      COLEMAN, FL, 33521-1033

RECEIVED    06-3044
                 OYO
2006 OCT -6 PM 3:15    M1
DEPT. OF JUSTICE/EOUSA    FCM
FOIA/PRIVACY STAFF

TO:
  U.S. DEPARTMENT OF JUSTICE
  EOUSA/FOIA/PA UNIT
  BICN BLDG, RM. 7300
  600 E ST, N.W.
  WASHINGTON, DC 20530

September 18, 2006

Dear Sir or Ms.:

    This letter serves as my request pursuant to the provision of the Freedom of Information Act ( 5 U.S.C.§552) and Privacy Act ( 5 U.S.C.§552a) (d)(1) and applicable to state statute governing the Freedom of Information Act request.

    Please send me copies of any and all documents, records, policy and information that were used in connection with the Indictment of this case 8:03-cr-226-T-17MSS and the prosecution of said indictment numbeb. This included and not limited to the trial that was conducted of the indictment number of the requester. Which were the result of the ongoing investigatio that were being conducted by the Pasco County Sheriff Office Detectives and Deputies and were the Drug Enforcement Agency (DEA) of the Middle District of Florida Tampa Division. That join and participated in the investigation of the illegal manufacturing of methamphetmine in the area of Pasco County on or approximately May 2002 through March 2004. This request is sought specifically for mendment, deletion and/or expungment(5 U.S.C.552 a (d)(2)(a) of records sought but not limited to, is the compiled file of indictment number 8:03-cr-00226-T-17MSS containing,

    1. Requesting any and all copies of documents, record and informatic policy of the requirement for Hernde County Sheriff Office Narcotic Detectiv in assisting other Law enforcement Agency. This include but not limited to any information of gathering in the assistance that were given in the investigation.

[1]

2. This includes copie of any and all documents, records, policy and information that were connected to the surveillance that were used and it equipement, A. such as the Aviation Unit of the Pasco County Sheriff Office helicopter, fight plan signin sheat, signout sheet, and the aviation sheet on the months of July 16, 2002 times 5pm, 8pm and August 10, 2002 times 4pm 8pm.

3. This includes copies of any and all documents, records, policy information oh holding tape recording of radio communication and the making of radio transcripts in connection with an investigation this includes the communication for July 16, 2002 of the investigative traffic stop conducted by Pasco County Sheriff Office Detectives and Deputies of Requester. This includes any and all photos that were taken.

4. Requesting any and all copies of documents, records, policy and information in connection with the traffic stop conducted by Pasco County Sheriff Office Detectives and Deputies on July 16, 2002 of Requester on Old Lakeland Highway North of Lynnbrook Road. That were part of the on going investigation.

5. Requesting any and all copies of documents, records, policy and information on the collecting of evidence and the distorying of the evidence in this case an indictment no. 8:03cr-226-T-17MSS. This would include the photos that were taken of the said evidence.

6. Requesting any and all copies of documents, records, policy and information on the notes, logs, report, memorandums, that were in connection to the on going investigation. This includes the month of July 16, 02 while conducting the surveillance.

7. This includes any and all documents records, policy and information on the closing of the investigation includes the notes reports in connection to this indictment no. 8:03-cr-226-T-17MSS AND photos.

As you may know, that the Freedom of Information Act provides that if portion of a document are exempt from release the remainder must be segregated and disclosed. Therefore, I will expect you to send me all non-exempt portions of the records which I have requested|| and I ask that you justify any deletion with refence to specfic exemptions of FIOA. The information requested is not to be used for commercial benefit, so I do not expect to be charge fees for your review of the material to see if it falls with in one of FOIA exemptions.

[2]

I promise to pu    reasonable search and duplication costs in connection with this requesting. However, please notify me ahead of time if you estimate that total fees will exceed, 25 so I can approve the addition amount.

7. This is include any and all document records, and information in connection to the interviews, report completed by this agency in the course of the investigation through May 2002 to March, 2004.

## CERTIFICATE OF SERVICE

I Demetrius Mclaughlin, hereby certify that a copy hereof has been Mail to the above address this _13_ day of September 06.

Respectfully Submitted

_Deeb. J MSL_

DEMETRIUS MCLAUGHLIN

[3]



*Main Office*
*400 North Tampa Street, Suite 3200*
*Tampa, Florida 33602*
*813/274-6000*
*813/274-6358 (Fax)*

*Post Office Box 600*
*200 West Forsyth Street, Room 700*
*Jacksonville, Florida 32201*
*904/232-2682*
*904/232-2620 (Fax)*

**U.S. Department of Justice**
**United States Attorney**
**Middle District of Florida**

*2110 First Street, Suite 3-137*
*Fort Myers, Florida 33901*
*239/461-2200*
*239/461-2219 (fax)*

*501 W. Church Street, Suite 300*
*Orlando, Florida 32805*
*407/648-7500*
*407/648-7643 (Fax)*

:ply to:
**ampa, FL**

September 26, 2006

Mr. Demetrius McLaughlin
Reg. #41297-018
FCC Coleman-USP
Post Office Box 1033
Coleman, Florida 33521-1033

Re:     Freedom of Information Act (FOIA) Request for Records

Dear Mr. McLaughlin:

Our office received your FOIA request dated September 18, 2006.   Your request was forwarded to the Freedom of Information Act Unit, Executive Office for the United States Attorneys in Washington D.C. on September 26, 2006.

Federal regulation 28 U.S.C. § 16.3 requires that all United States Attorneys offices forward FOIA requests to the FOIA Unit in Washington D.C.  That office coordinates the processing of all FOIA requests for all of the United States Attorneys Offices and will respond directly with you regarding your request.

In the future, please direct all of your FOIA matters to the FOIA Unit in Washington D.C. as this will accelerate the processing of your request.  The address for the FOIA Unit is:

Freedom of Information Act/Privacy Act Unit
Executive Office for United States Attorneys
600 E Street, N.W., Room 7300
Washington D.C. 20530
Telephone: 202-616-6757
Facsimile: 202-616-6478

Mr. Demetrius McLaughlin
September 26, 2006
Page 2


If you have any questions regarding this matter, please direct your questions to the FOIA Unit in Washington DC.


Sincerely,

PAUL I. PEREZ
United States Attorney

By:

Christina Griffiths
Paralegal Specialist



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: 06-3274____    Requester: Demetrius McLaughlin____    OCT 2 3 2006

Subject: Self /FLM____

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request. It has been assigned the above number. <u>Please give us this number if you write about your request.</u> If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. Requests for "all information about myself in criminal case files" are usually Project Requests. If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver. Please note that pursuant to 28 CFR § 16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free. <u>Please do not send any payment at this time!</u> If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you. Without such payment, your request file will be closed without further action.

                     Sincerely,

                     *William G. Stewart*

                     William G. Stewart II
                     Acting Assistant Director



**United States Department of Justice**

Executive Office for United States Attorneys

---

FOIA and Privacy Act Staff

*Suite 7300, Bicentennial Building*
*600 E Street, N.W.*
*Washington, DC 20530*

(202) 616-6757
FAX (202) 616-6478

Request Number: 06-3274

Requester: Demetrius McLaughlin

DEC 1 1 2006

Dear Mr. McLaughlin:

We have completed a search for documents responsive to your FOIA/PA request (which we interpreted as for all records on yourself). The Middle District of Florida spent 2.5 hours of search time beyond the two hours of search time provided to you at no charge. Our fee for search time is $28 per hour, thus resulting in a fee for search time of $70. In addition, the district forwarded to us about 640 pages of records that are potentially responsive to your request. This does not include about 1000 pages of public records that were held back in the district, but would be available to you for a charge. Although not all of these pages are likely to be released to you, you should note that we charge $0.10 per page for duplication of documents that are released to you after the first 100 pages, which are free. Therefore it is clear that charges will exceed $25.

In accordance with Federal Regulation 28 CFR 16.11(e), when a requester has been notified that estimated fees amount to more than $25.00, the request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees. If you wish to reduce the amount of fees, you may reformulate your request. Records identified for release after processing will not be released until payment has been received.

In order for your request to be processed, we must hear from you within 30 days of the date of this letter or we will close your request. Please complete the attached form and return to the above address. If you have any questions about this letter or the form to be completed, or if you wish to discuss the possible narrowing of your request you may call Attorney-Advisor Garry Stewart at 202-616-3450.

Sincerely,

*William G. Stewart*

William G. Stewart II
Acting Assistant Director

Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington D.C. 20530-0001.

Form No. 017p1 - 4/2000    **THIS IS NOT A BILL. DO NOT SEND MONEY!**

FROM:DEMETRIUS MCLAUGHLIN
       REG#41297-018
       FCC COLEMAN-USP
       P.O.BOX 1033
       COLEMAN, FL33521


TO:OFFICE OF FREEDOM and PRIVACY ACT
     U.S.DEPARTMENT OF JUSTICE EOUSA
     1425 New York Avenue,Suite 11050
     Washington, DC 20530-0001


DIRECT RESPONSE TO:
DEMETRIUS MCLAUGHLIN
REG#41297-018

01-14-07                               APPEAL


        Dear,Sir,Ms..:


        This is an Appeal under the Freedom of Information Act, FOIA
5 U.S.C.§552 and of the Privacy Act, 5 U.S.C.§552a. On the date of
September 15,18, the requests for FOIA/PA were made to your agency
in first sending a copy of the same request to the Middle district
of FLorida Tampa Division EOUSA by certify mail, see exhibit A and
then sending the same copy to Washington,DC BICN BLDG. In which I
receive a response on October 30,06 from the Middle District of
FLorida informing me that my request had been forward to the Head
Office. To which I was informed by that Office that my request would
be placed in a Group Project Request. In which the Office informed me
that the Department of EOUSA will make every effort to process the
request within a twenty (20) working days in a exception of narrowing
the request for specific items. On the month of November 05,06 I
informed the agency EOUSA of my desire to having the request expedite
but also informing the Office of reserving the right to any and all
records, documents and information sent certify. see exhibit B. In
the month of December 13,06 I sent this agency an appeal of it's
failure to expedite and process the request as promised, see exhibit C
stamped the 14 of December. On the date of December 15,06 , I receive
a letter from the agency EOUSA informing me it had receive 640 pages of

records from the Middle District of Florida, to which I was informed to fill out the attach form an complete it and send back, which where mailed back on the month of December 18,06. see exhibit  and it's atachment.

Whereas, this agency of the Executive Office for the United States Attorneys has failed to produce any documents of the request pursuant to 5 U.S.C.§ 552 and 5 U.S.C.§552a of the Privacy Act and thereby failing to response with in the lawful time period or limits. Please be advised that I consider the requested material clearly releasable under FOIA/PA and consider your agency policy to be arbitrary and capricious.

Whereas this agency of EOUSA is in violation of the FOIA 5 USC 552(1)(2)(3) and the PA 5 USC 552a(e)(5), of the Privacy Act provides that each agency that keep a system of records must maintain all record with accuracy, relevance timelines completeness as is reasonable necessary to ensure fairness to an individual in the determination. Therefore, be advise that within 20 working days if I don't receive any response or the first hundred pages as this has informed me of it's receiving the 640 pages and the thousand pages of other Public records in it's possession .

Respectfully Submitted

DEMETRIUS MCLAUGHLIN
REG#41297-018
FCC COLEMAN-USP
P.O.BOX 1033
COLEMAN, FL,33521

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

MAR 1 2 2007

Requester: **Demetrius McLaughlin**                    Request Number: **06-3274**

Subject of Request: **Self/FLM**

Dear Requester:

        Your request for records under the Freedom of Information Act/Privacy Act has been
processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the
official record-keeper for all records located in this office and the various United States Attorneys'
Offices.

        To provide you the greatest degree of access authorized by the Freedom of Information Act and
the Privacy Act, we have considered your request in light of the provisions of both statutes.

        The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and
are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. This letter is a [ **X** ] partial [    ] full denial.

        **29**    page(s) are available to be released in full (RIF);
        **12**    page(s) are available to be released in part (RIP);
        **164**    page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

        [ **X** ]  After reviewing all the documents, we have determined that we can make a partial
release. Therefore, 41 pages are available for release to you. In response to our letter to you dated
December 11, 2006, you agreed to pay for search and any additional fees for the remaining documents.
The first 100 of those pages are free. Search time is charged at a rate of $28 per hour/$7 per quarter
and copying at a rate of $0.10 per page. You will receive 2 hours free out of 4.5 hours of search time.
A $_____ review, $ **70.00**  search, and/or $_____ copying fee is being assessed for these records.
If you would like these records, please send a check or money order for    $ **70.00** , payable to the
Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy
Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530. **If payment is not received
within 30 days from the date of this letter, any future requests for records will be rejected until
payment is received.**

(Page 1 of 2)

TO;
Office of Information/PA
Unites States Department of Justice
1425 New York ave. Ste 11050


Appeal No. 07-0631
Request Number:06-3274
Requester; Demetrius Mclaughlin

March 29, 2007

APPEAL


          Dear, Mr.,Ms....:

     This letter serves as my appeal in concerns to the response
I receive from the Office Executive Office United States Attorney
at suite 7300 Bic, Bld, 600 E. Street N.W. Washington D.C.. In which
the Office responded to the FIOA/PA request, and the response inform
me that the district forward to the Office  about  640  pages  of
records that is potentially responsive to the request, the response
also included 1000 pages of public records  that were held back in
the district. see exhibit A,. In the response date March 12, 2007
stated that I would receive 29 pages to be released in full and 12
pages to be released in part and 164 pages are to be withheld in
full. Further stated that I would receive 41 pages and the first
100 pages are free, once the 70 dollars were paid for search time.
     I am objecting that (1) out of the 640 pages I am only receiving
200 or so of the 640 pages and (2) that the agency is  trying  to
extra charge me for the documents I original requested any and all
records, and therefore I should not have to re-submit another request
see exhibit B.
     This Office in the response to the appeal that was filed on
01-14-07, that there was no adverse determination, I am objecting
to have to re-submit another request and should be entitle to the
the public record and that they fail with in my request.

DEMETRIUS MCLAUGHLIN
REG#41307-018

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

APR 2 4 2007

Mr. Demetrius McLaughlin
Register No. 41297-018
Federal Correctional Complex
P.O. Box 1033
Coleman, FL 33521

      Re:  Request No. 06-3274

Dear Mr. McLaughlin:

      This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys was received by this Office on April 11, 2007.

      The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **07-1174**.  Please mention this number in any future correspondence to this Office regarding this matter.

      We will notify you of the decision on your appeal as soon as we can.  We regret the necessity of this delay and appreciate your continued patience.

                      Sincerely,

                      Priscilla Jones
                      Supervisory Administrative Specialist





**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
600 E Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001
(202) 616-6757  FAX: 616-6478  (www.usdoj.gov/usao)

Requester: **Demetrius McLaughlin**     Request Number: __06-3274__     APR 2 5 2007

Subject of Request: __Self/FLM__

Dear Requester:

  Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

  To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

  The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ **X** ] partial [   ] full denial.

  Enclosed please find:

  __29__  page(s) are being released in full (RIF);

  __12__  page(s) are being released in part (RIP);

  __164__  page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

  The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                               <u>Section 552a</u>

[   ] (b)(1)      [   ] (b)(4)      [   ] (b)(7)(B)              [ **X** ] (j)(2)
[ **X** ] (b)(2)  [ **X** ] (b)(5)  [ **X** ] (b)(7)(C)         [   ] (k)(2)
[ **X** ] (b)(3)  [   ] (b)(6)      [ **X** ] (b)(7)(D)         [   ] (k)(5)
<u>FRCrP 6(e)</u>  [   ] (b)(7)(A)   [   ] (b)(7)(E)             [   ] _____
<u>5USC App. 4 sec. 107</u>         [ **X** ] (b)(7)(F)
<u>5CFR sec. 2634.604</u>

[ **X** ] In addition, this office is withholding grand jury material which is retained in the District.

(Pa;
Form No. 021 -:

Clo-3214

FROM :DEMETRIUS MCLAUGHLIN
REG#41297-018
FCC COLEMAN-USP
P.O.BOX 1033
COLEMAN, FL, 33521

RECEIVED
DERICT RESPONSE TO:
DEMETRIUS MCLAUGHLIN
REG#41297-018
DEPT OF JUSTICE/EOUSA
FOIA/PRIVACY STAFF

May 30, 07

TO:FREEDOM OF INFORMATION/PA
U.S.DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR UNITED STATES ATT.
600 E. STREET N.W. STE 7300 BIC/BLDG
WASHINGTON D.C. 20530-0001


IDENTIFICATION OF REQUESTER
DEMETRIUS MCLAUGHLIN
REG#41297-018
ALLIAS:DEKE
DOB:11-07-73
POB:LAKELAND, FL,
SSN: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


        Dear, Sir, Ms...:

        This letter serves as my request pursuant to the provision
.of Freedom Information Act ( FIOA 5 U.S.C.§552) and the Privacy
Act (PA 5 U.S.C.§552a). This Request is in regards to the One
thousand page of Public Records, that in this Office possession
in which has inform me of such records. see attachment.

        I am requesting copies of any and all documents, records,
and information inconnection with the investigation that lead
to the indictment and is a part or contain in the Public Records.

        I am requesting copies of search warrants and police report
and the copies of documents, records, of all Agency that provide
assistance and its Units such as the Aviation Unit of Pasco
County Sheriff's Office on July 16,02 and August 02. This would
include reports of the surveillance that was conduct July 16,
and Aug. 02.

        I am requesting any and all Court documents records that
was filed and connected to the indictment number 8:03-CR-226-T-17MSS
and papers with my name on them.

I promise to pay reasonable search and duplication costs in connection with this request. However, please notify me ahead of time if you estimate that the total fees will exceed $30 dollars so I can approve the additonal amount.

### CERTIFICATE OF SERVICE

I do, hereby certify that a copy hereof has been furish by U.S. Mail through the prison mail system on this 30th day of May,2007.

DEMETRIUS MCLAUGHLIN
REG#41297-018

[2]

**U.S. Department of Justice**

Office of Information and Privacy



_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*


MAY 3 0 2007


Mr. Demetrius McLaughlin
Register No. 41297-018
United States Penitentiary          Re:    Appeal No. 07-1174
Post Office Box 1033                        Request No. 06-3274
Coleman, FL 33521                           ALB:SJV

Dear Mr. McLaughlin:

     You attempted to appeal from the failure of the Executive Office for United States Attorneys (EOUSA) to respond to your request for access to records pertaining to your indictment and trial.

     My staff has looked into this and found that subsequent to your appeal letter dated March 29, 2007, EOUSA provided you with a release of records responsive to your request by letter dated April 25, 2007. As a result, your appeal from EOUSA's failure to respond to your request is moot. EOUSA's letter dated April 25, 2007, provided you with the proper procedures for filing an appeal with this Office.

     On appeal, you express concern that EOUSA did not provide you with public source material that EOUSA maintains in its files. Many requesters, for a variety of reasons, do not wish to receive public source material. It is for this reason that EOUSA asked you to submit a new FOIA request if you wished to obtain these records. Please note that by filing a new FOIA request for public source material, you are entitled to receive the first 100 pages of records free of charge.

                       Sincerely,

                       Janice Galli McLeod
                       Associate Director



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester:  Demetrius McLaughlin          Request No.:  07-2263

Subject:  Self (Public Rcds)

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been assigned the above number. <u>Please give us this number if you write about your request.</u>  If we need additional information, we will contact you within two weeks.

    Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request).  Then, it will be placed in a separate group of Project Requests, which are also processed in the order received.

    EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions; for example, Project Requests usually take approximately nine months to process.  Requests for "all information about myself in criminal case files" are usually Project Requests.  If you have made such a request, you may either write us and narrow your request for specific items, or you may expect that the processing of your request may take nine months from the date of this letter.

    By making a FOIA/PA request, you have agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless you have requested a fee waiver.  Please note that pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.  <u>Please do not send any payment at this time!</u>  If we anticipate that fees will exceed $25 or the amount you have stated in your letter (if greater than $25), we will normally notify you of our estimate of fees. After we have received your agreement to pay for the expected fees (or you have narrowed your request to reduce fees) and we have processed your request, we will require payment for the accumulated charges before we release documents to you.  Without such payment, your request file will be closed without further action.

    If you wish to revise your request to try to reduce fees, you may use the attached form.  <u>If you do not wish to incur fees for your request as it is now stated, please submit this form (or your letter revising your request) to us immediately so that your request, and fees, can be limited.</u>

                    Sincerely,

                    William G. Stewart II
                    Assistant Director

                              Form No. 001 - 3/07



**U.S. Department of Justice**

Office of Information and Privacy

---

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

DEC 0 7 2007

Mr. Demetrius McLaughlin
Register No. 41297-018
United States Penitentiary          Re:    Appeal No. 07-1874
Post Office Box 1033                        Request No. 06-3274
Coleman, FL 33521                           ALB:CL

Dear Mr. McLaughlin:

    You appealed from the action of the Executive Office for United States Attorneys
(EOUSA) on your request for access to records pertaining to yourself. I note that you have not
appealed EOUSA's withholdings made pursuant to various Freedom of Information Act
exemptions. I regret the delay in responding to your appeal.

    After carefully considering your appeal, I am affirming EOUSA's action on your request.
EOUSA referred 272 pages, one CD-ROM and one cassette tape to the Drug Enforcement
Administration (DEA), and two pages to the United States Marshals Service, for processing and
direct response to you. These referrals were proper and in accordance with Department of Justice
regulations. See 28 C.F.R. § 16.4(c) (2007). Regarding your comments about state records,
please be advised that EOUSA referred those records to DEA.

    Furthermore, I am denying your request that we itemize and justify each item of the
information withheld. You are not entitled to such a listing at the administrative stage of
processing Freedom of Information Act requests and appeals. See Judicial Watch v. Clinton,
880 F. Supp. 1, 10 (D.D.C. 1995).

    Finally, as EOUSA previously advised you, if you are interested in receiving public
source materials (such as court filings), please contact EOUSA and it will provide them to you,
subject to any fees.

    If you are dissatisfied with my action on your appeal, you may file a lawsuit in
accordance with 5 U.S.C. § 552(a)(4)(B).

                        Sincerely,

                        Janice Galli McLeod
                        Associate Director



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

Requester:  McLaughlin, Demetrius                          Request Number: 07-2263

Subject of Request:  Self (Public records)/FLM

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.

____3178____ page(s) are available to be released in full (RIF); this number is approximate
_____ page(s) are available to be released in part (RIP);
_____ page(s) are withheld in full (WIF).

      [ X ] We are releasing 100 pages free of charge. A fee is being assessed for the remaining ____3078____ pages. The remaining pages are available at a cost of $0.10 per page. Fee is being assessed for remaining pages.

      1) _____ I would like to pay _____ for copying and receive the corresponding number of pages.

      2) _____ I would like to receive all __3078__ pages and pay $__307.80__ for copying.

Once you have made your selection, in order to receive records you must send a check or money order payable to the Treasury of the United States. Payment should be mailed to the Freedom of Information Act/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

**If we do not receive a payment from you within 30 days from the date of this letter, your request will be closed.**

In addition, a review of the material revealed:

[  ]    See additional information attached.


This is the final action on this above-numbered request.  You may appeal this decision on this request by writing within 60 days from the date of this letter to the **Office of Information and Privacy, United States Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001.**  Both the letter and envelope should be marked "FOIA Appeal."


                                        Sincerely,


                                        William G. Stewart II
                                        Assistant Director

Enclosure(s)

                                                        (Page 2 of 2)
                                                    Form No. 021 - fee/bill - 3/07

FROM: DEMETRIUS MCLAUGHLIN
      REG#41297-018
      FCC COLEMAN-USP
      P.O.BOX 1033
      Coleman, Fl, 33521

                                    May 08, 2008.

TO: OFFICE OF FREEDOM & PRIVACY ACT
    U.S. DEPARTMENT OF JUSTICE EOUSA
    600 E. Street, N.W., Ste. 7300
    Washington, D.C. 20530



                        LETTER


 IN RE: Request Number 07-2263,                                  .


      Dear Mr. William G. Stewart II.


      This letter is in regards to obtaining the Documents pursuant
to the Freedom of Information Act. Due to my current finacial
I am unable to pay total amount all at once. But I would like to
enter to a payment contract to make twenty-five dollars payments
twice a month if possible in order of obtaining the full 3,078
of the requested documents. These documents would as well include
the State records as well. If you could please inform if this
is possible . Enclosed please find a copy financial Record for
the last six months.


                    Thank You !!


                            Respectfully Submitted,

                            *[signature]*
                            DEMETRIUS MCLAUGHLIN
                            REG#41297-018

