UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMETRIUS MCLAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-2347 (RMC) |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff Demetrius McLaughlin challenges the response of the Executive Office for United States Attorneys ("EOUSA"), a Department of Justice component, to his request for records. Pending before the Court is Defendants' motion to dismiss or for summary judgment [Dkt. # 13]. Upon consideration of the parties' submissions and the entire record, the Court will grant Defendants' motion for summary judgment.[1]

**I. BACKGROUND**

On May 30, 2007, Mr. McLaughlin made a FOIA request "in regards to the [o]ne thousand page[s] of Public Records" pertaining to "the investigation that [led] to the indictment[.]" Compl. Attachment.  By acknowledgment letter of August 21, 2007, EOUSA informed Mr. McLaughlin that it had located about 1,000 public records for release but that he would need to commit to paying the anticipated fee exceeding $25.00 prior to any further processing of his request for "public records in your case." Def.'s Mot., Decl. of David Luczynski ("Luczynski Decl.") [Dkt.

---

[1] Because this disposition will resolve the case, the Court will deny as moot Defendants' Motion for a Protective Order [Dkt. # 26].

# 13-4], Ex. E.  EOUSA further informed Mr. McLaughlin that he could reduce his costs by narrowing the request, that he should respond "within 30 days of the date of this letter or we will close your request" and that he could appeal to the Office of Information and Privacy within 60 days. *Id*.  In September 2007, EOUSA received Mr. McLaughlin's response dated September 5, 2007, in which he agreed to pay the fee but corrected EOUSA on its claim that he had received the first 100 pages to which he was entitled at no cost, *id*., Ex. F, a mistake that EOUSA has acknowledged.  Luczynski Decl., n.2.

Following Mr. McLaughlin's filing of this civil action in December 2007, EOUSA completed its search for responsive records in the United States Attorney's Office for the Middle District of Florida.  *Id*. ¶ 8.  By an undated notice, EOUSA informed Mr. McLaughlin that it had located 3,178 pages of public records available for release in their entirety, of which 100 enclosed pages were being released for free.  *Id*., Ex. H.  EOUSA assessed a duplication fee of $307.80 for the remaining 3,078 pages and informed Mr. McLaughlin that the request would be closed if payment was not received within 30 days.  *Id*.  The notice provided Mr. McLaughlin with the option of receiving all of the pages at the assessed fee or receiving "the corresponding number of pages" at a fee that he was willing to pay.  *Id*.

By letter of May 8, 2008, Mr. McLaughlin proposed "a payment contract to make twice a month payments of twenty-five dollars in order [to obtain] the full 3,078 pages of the request[ed] documents," and enclosed a $25.00 money order.  Def.'s Reply, Second Decl. of David Luczynski ("2nd Luczynski Decl.") [Dkt. # 20-2], Ex. A.  By letter of August 26, 2008, EOUSA informed Mr. McLaughlin that it could not "process fees on a multiple payment basis" and returned the money order.  *Id*., Ex. C.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Wash. Post Co. v. U.S. Dep't of Health & Human Servs*., 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The mere existence of a factual dispute is not enough to bar summary judgment, and the non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *See Anderson*, 477 U.S. at 247-48; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). Finally, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453,

456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Under the FOIA, the agency's disclosure obligations are triggered by its receipt of a request that "reasonably describes [the requested] records" and "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The FOIA authorizes the court only "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B). Thus, the elements of a FOIA claim are (1) improperly (2) withheld (3) agency records. "Judicial authority to devise remedies and enjoin agencies can only be invoked under the jurisdictional grant conferred by [5 U.S.C.] § 552[(a)(4)(B)], if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 150 (1980).

Summary judgment is the frequent vehicle for resolution of a FOIA action because the pleadings and declarations in such cases often provide undisputed facts on which the moving parties are entitled to judgment as a matter of law. *Miscavige v. IRS*, 2 F.3d 366, 360 (11th Cir. 1993); *Alyeska Pipeline Serv. Co. v. EPA*, 856 F.2d 309, 313 (D.C. Cir. 1988); *Weisberg v. DOJ*, 627 F.2d 365, 368 (D.C. Cir. 1980). Agencies may rely on affidavits or declarations of government officials, as long as they are sufficiently clear and detailed and submitted in good faith. *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Such declarations are accorded "a presumption of good faith[.]" *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006) (citation and quotation omitted). The Court may award summary judgment solely on the basis of information provided in such affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information

withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

### III.  ANALYSIS

EOUSA asserts that it is entitled to relief because Mr. McLaughlin has not exhausted his administrative remedies by paying the assessed duplication fee.  As part of the FOIA's exhaustion requirement, the payment or waiver of assessed fees, or an administrative appeal from the denial of a fee waiver request, is required prior to a requester's obtaining judicial review.  *Oglesby*, 920 F.2d at 65-67; *Trueblood v. U.S. Dep't. of Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Dep't of Justice*, 49 F.3d 115, 120 (4th Cir. 1995)).

Mr. McLaughlin does not dispute that he has not paid the assessed duplication fee. Rather, he argues that EOUSA acted in bad faith (1) by not including the public records in the processing of his earlier request in September 2006 for "any and all documents, records, information in connection with [his criminal indictment]," Pl.'s Aff. in Supp. of Mot. in Opp'n to Summ. J. [Dkt. # 17-2] at 4, and (2) by refusing his request to pay the $307 duplication fee in installments. *Id*. at 5.  To sustain his claim of bad faith, Mr. McLaughlin "must point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981).  Agency action "performed in accordance with specified guidelines[] would not imply bad faith." *Boyd v. Criminal Div. of U.S. Dep't. of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007).

In response to Mr. McLaughlin's first point, Mr. Luczynski explains that "whenever possible[,] EOUSA considers a request as [one] for non-public source records and asks that a new request for public source records be submitted separately." 2nd Luczynski Decl. ¶ 9.  That way, the

requester would have quicker access to public records because they "generally can be released without the need for processing [them] in order to redact them."[2] *Id*.  In addition, EOUSA's practice of separating the two types of requests is based on its "experience" that "many requesters do not want public source records[.]" *Id*.  Thus, "EOUSA is able to prevent requesters from being charged certain fees for [unwanted] records[.]"  *Id*.  As to the second point, EOUSA rejected Mr. McLaughlin's proposed payment plan because it was not an available option.  Mr. McLaughlin has not cited a statutory or regulatory provision requiring EOUSA's consideration of such a plan, and he has not countered EOUSA's reasonable explanation for why such a plan is not feasible.  *See* 2nd Luczynski Decl. ¶¶ 7-8.  No reasonable fact finder could imply agency bad faith from the aforementioned conduct.[3]

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motion for summary judgment [Dkt. # 13] and, thus, will deny its pending motion for a protective order [Dkt. # 26] as moot.  A separate Order accompanies this Memorandum Opinion.

/s/
ROSEMARY M. COLLYER
Date: February 23, 2009                                United States District Judge

---

[2]  This comports with the statutory requirement that agencies "make [responsive] records promptly available."  5 U.S.C. § 552(a)(3)(A).

[3]  The record demonstrates just the opposite.  By submitting a separate request for public records, Mr. McLaughlin was entitled by statute to free copies of the first 100 pages of just those records.  *See* 5 U.S.C. § 552(a)(4)(A)(iv).  In addition, had he chosen the available option of paying a reduced fee for fewer responsive pages, Mr. McLaughlin could have sampled the public records before paying "a substantial sum of money" for the entire lot.  2nd Luczynski Decl. ¶ 10; *see* 5 U.S.C. § 552(a)(4)(A)(ii)(III) (requiring an agency to assess "reasonable standard charges for search and duplication" to requesters who do not qualify for a fee waiver).